IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY L. ASHFORD, and TIMOTHY L. ASHFORD, PC LLO, <br><br> Plaintiffs, <br><br> vs. <br><br> MARCENA HENDRIX, in her official capacity and her individual capacity; STATE OF NEBRASKA, DOUGLAS COUNTY, JOHN DOES, 1-1000, and JANE DOES, 1-1000, <br><br> Defendants. | 8:20-CV-36 <br><br> **MEMORANDUM AND ORDER** |

## I.   INTRODUCTION

Timothy L. Ashford and Timothy L. Ashford, PC LLO brought this action seeking damages for numerous alleged constitutional violations. *See* Filing 1. This matter is now before the Court on defendants Marcena Hendrix's and the State of Nebraska's ("the State's") Motion to Dismiss Ashford's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Filing 19. Hendrix and the State (collectively "Defendants") move to dismiss or stay based on sovereign immunity, judicial immunity, qualified immunity, and abstention. Filing 19; Filing 21. For the reasons stated below, the Court grants Defendants' motion and dismisses all claims against them based on sovereign and judicial immunity and failure to state claims.

## II.   BACKGROUND

Ashford is a Nebraska resident and has been a licensed attorney for over twenty-six years. Filing 1 at 3. His co-plaintiff is his law firm. Filing 1 at 3. The present case arose out of Ashford's representation of an individual in a guardianship case in Douglas County Probate Court. Filing 1 at 8. In that case, he submitted requests for attorneys' fees to Hendrix, a Douglas County Court

1

Judge. Filing 1 at 3, 9. Hendrix ultimately reduced Ashford's requested attorney's fees. Filing 1 at 9-10. She also filed a bar complaint against him with Nebraska's Office for Counsel for Discipline. Filing 1 at 21. As a result, Ashford filed this action seeking damages for a plethora of claimed constitutional and statutory violations. *See* Filing 1 at 18-34 (enumerating seven causes of action[1] including violating the Constitution, "JUDICIAL IMMUNITY DOES NOT APPLY," "DEFENDANT HENDRIX SEEKS TO RAILROAD THE PLAINTIFF," and "DEFENDANT HENDRIX PLAYED THE SHELL GAME THREE CARD MONTY AND COMMITTING MAIL FRAUD" and seeking general, special, and punitive damages plus costs and fees).

Turning to the procedural history of this case, the Court notes Ashford has previously filed unsuccessful suits pertaining to his underlying claims. In particular, Ashford filed suit in the District Court of Douglas County, Nebraska, against the Office for Counsel for Discipline, and that case was subsequently dismissed based on immunity in August of 2019. *See* Filing 16-5. Prior to dismissal of that suit, Ashford filed a separate suit in this Court which the Honorable John M. Gerrard sua sponte dismissed on abstention grounds, and which ruling the Eighth Circuit Court of Appeals subsequently affirmed. *Ashford v. Office for Counsel for Discipline*, No. 8:19-CV-243, 2019 WL 2371662 (D. Neb. June 5, 2019), *aff'd,* 805 F. App'x 446 (8th Cir. 2020). Prior to the Eighth Circuit's affirmance, Ashford again filed suit in the District Court of Douglas County, Nebraska, seeking damages for the same causes of action he now raises based on identical facts. *Compare* Filing 20-2, *with* Filing 1.

On January 21, 2020, Ashford filed this action seeking a litigious fourth bite of the bar-complaint-apple. Filing 1. He brings the action for damages pursuant to the Nebraska's Political Subdivisions Tort Claims Act ("PSTCA"), Neb. Rev. Stat. § 13-901, et seq.; the Nebraska State

---

[1] While the Complaint lists eight causes of action, Filing 1 at 29, it contains no sixth cause of action. *See* Filing 1 at 25-27 (skipping from a fifth cause of action to a seventh).

2

Tort Claims Act ("STCA"), Neb. Rev. Stat. § 81-8,209 et seq.; 42 U.S.C. § 1981; 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.; and the United States and Nebraska Constitutions. Filing 1 at 1. Hendrix and the State then filed the present motion.

### III. ANALYSIS

#### A. Standard of Review

*1. Lack of Subject-Matter Jurisdiction under Federal Rule of Civil Procedure 12(b)(1)*

"Rule 12(b)(1) . . . governs challenges to subject matter jurisdiction." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, the court presumes all of the factual allegations concerning jurisdiction to be true and will grant the motion only if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Young Am. Corp. v. Affiliated Comput. Servs. (ACS), Inc.*, 424 F.3d 840, 843–44 (8th Cir. 2005) (citing *Titus*, 4 F.3d at 593). In a factual challenge to jurisdiction, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn*, 918 F.2d at 730.

*2. Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6)*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

3

liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

In analyzing a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party, but [is] not bound to accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' or legal conclusions couched as factual allegations." *McDonough v. Anoka Cty.*, 799 F.3d 931, 945 (8th Cir. 2015) (citations omitted) (quoting *Iqbal*, 556 U.S. at 678). "When considering a Rule 12(b)(6) motion, the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Ashford v. Douglas Cty.*, 880 F.3d 990, 992 (8th Cir. 2018) (quoting *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014)).

## B. Discussion

While the Complaint cites an amalgamation of statutes throughout, lists assorted causes of action (with some not alleging claims but arguing against immunity), and discusses a variety of facts, it does provide a succinct statement of its legal bases:

> Defendants are sued pursuant to the U.S. Constitution of the United States and the Nebraska Constitution, Neb. Rev. Stat. § 25-219, Neb. Rev. Stat. § Neb. Rev. Stat. §13-901 and § 81-8,213 and 28 U.S.C. § 2201, damages under 42 USC § 1981, 42 USC § 1983, Title VII and the US Constitution and the Nebraska Constitution.

Filing 1 at 4; *see also* Filing 1 at 1 (listing same bases for damages); Filing 1 at 18-32 (listing seven causes of action for damages).

While Ashford's causes of action are unclear, the Court will examine all of the following bases for recovery for the sake of thoroughness: (1) Nebraska's Political Subdivisions Tort Claims Act ("PSTCA"), Neb. Rev. Stat. § 13-901, et seq.; (2) the Nebraska State Tort Claims Act

4

("STCA"), Neb. Rev. Stat. § 81-8,209 et seq.; (3) 42 U.S.C. § 1981; (4) 42 U.S.C. § 1983;[2] (5) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.; and (6) the Nebraska Constitution. Defendants move to dismiss all claims against them. Filing 19.

As an initial matter, the Court notes Defendants seek dismissal under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Filing 19 at 1; Filing 21 at 1-3. However, they do not specify which portion of their motion is pursuant to an alleged lack of subject-matter jurisdiction under Rule 12(b)(1) and which is for an alleged failure to state a claim under Rule 12(b)(6). As the Court reads Defendants' motion and briefing, their argument relating to the official-capacity claims for damages are based on the assertion that Defendants are protected by Eleventh Amendment immunity. *See* Filing 21 at 6-7.

Sovereign immunity is a jurisdictional question, and thus the Court construes this portion of Defendants' motion to be made under Rule 12(b)(1). *See Jones v. United States*, 255 F.3d 507, 511 (8th Cir. 2001) ("It is axiomatic that because sovereign immunity implicates our subject matter jurisdiction, the issue may not be waived, and the government may raise it at any stage." (citing *Arneson v. Callahan*, 128 F.3d 1243, 1245 n.3 (8th Cir. 1997); *Preferred Risk Mut. Ins. Co. v. United States*, 86 F.3d 789, 793 (8th Cir. 1996))). "[F]ederal courts may not entertain a private person's suit against a State" because of the Eleventh Amendment's grant of sovereign immunity to states. Va. Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 254, 131 S. Ct. 1632, 179 L. Ed. 2d 675 (2011). "Congress can, however, abrogate this immunity or a state can waive it." *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 (8th Cir. 1999) (citing *Atascadero State Hosp.*

---

[2] The Court addresses section 1983 in conjunction with any claim Ashford may state for damages based on any violation of his constitutional rights under the United States Constitution. *See Henley v. Brown*, 686 F.3d 634, 640 (8th Cir. 2012) (stating that "[s]tanding alone, section 1983 does not establish any substantive rights" but rather "serves as a vehicle for 'vindicating federal rights elsewhere conferred by . . . the United States Constitution . . . .'" (quoting *Baker v. McCollan*, 443 B.C.S. 137, 144 n.3, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979))).

*v. Scanlon*, 473 U.S. 234, 238, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985)). "A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). Thus, the Court will examine the Complaint in an attempt to discern what claims Ashford alleges and address Defendants' Rule 12(b)(1) arguments.[3]

The Court reads the remainder of Defendants' motion as asserting arguments under Rule 12(b)(6). The Court will examine any failure to state a claim only after it analyzes sovereign immunity and finds it possesses subject-matter jurisdiction over the claim.

    1. *Hendrix (Official Capacity) and the State*

The State and Hendrix in her official capacity seek to rid themselves of all claims against them in one fell swoop with the broad argument that they are immune from suit because of sovereign immunity. *See* Filing 21 at 6-7. While the Court generally agrees, "[a] federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment." *Pennhurst State Sch. & Hosp.*, 465 U.S. at 121, 104 S. Ct. 900, 79 L. Ed. 2d 67. Thus, the Court will examine Ashford's various bases for recovery and will ultimately dismiss all of his claims against the State and Hendrix in her official capacity because of sovereign immunity or failure to state a claim.

    a. PSTCA

The Complaint references the PSTCA, Neb. Rev. Stat. § 13-901, et seq, and also seeks damages. The PSTCA provides that "no subdivision of the State of Nebraska shall be liable for

---

[3] Because "[s]uits against persons in their official capacity are just another method of filing suit against the entity," *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690, n.55, 98 S. Ct. 2018, 2035, n.55, 56 L. Ed. 2d 611 (1978), the Court examines claims against the State and Hendrix in her official capacity simultaneously. *See James v. Nebraska*, No. 8:09CV112, 2009 WL 10664338, at *4 (D. Neb. Nov. 17, 2009) ("Sovereign immunity bars claims for damages against state officials in their official capacities . . . ." (citing *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997))). The Court will separately address claims as they relate to Hendrix in her individual capacity.

the torts of its officers, agents, or employees, and no suit shall be maintained against such . . . except to the extent . . . provided by [this act]." Neb. Rev. Stat. § 13-901. While the Complaint does not specify, the Court presumes Ashford intended to allege any tort claims pursuant to the PSTCA against Douglas County rather than the State and its employee, Hendrix, because the PSTCA by its plain terms applies to subdivisions of the State of Nebraska and their employees rather than the State itself. This interpretation is bolstered by the existence of the STCA; "[t]ort claims against the State are governed by the STCA." *Saylor v. State*, 306 Neb. 147, 149, 944 N.W.2d 726, 729 (2020) (citing *Komar v. State*, 299 Neb. 301, 908 N.W.2d 610 (2018)). Accordingly, the PSTCA does not waive the State's or Hendrix's official capacity immunity, and any tort claims Ashford has alleged against them under the PSTCA are barred.

    b. STCA

Ashford also seeks damages by reference to Nebraska's STCA, Neb. Rev. Stat. § 81-8,209 et seq. *See* Filing 1 at 4; *see also* Filing 1 at 1; Filing 1 at 18-32. As noted above, the STCA governs tort claims against the State. *See Saylor*, 306 Neb. at 149, 944 N.W.2d at 729. "[T]he STCA bars tort claims against the State, its agencies, and its employees" except as allowed under the STCA. *Davis v. State*, 297 Neb. 955, 969, 902 N.W.2d 165, 180 (2017). The STCA generally waives the state's tort immunity under the STCA but carves out "specified exceptions" to that waiver. *Id.*

The Complaint's causes of action do not indicate any tort claims, and the facts are similarly opaque. The Court concludes that Plaintiff has failed to state any tort claim. Further, Ashford has not alleged he complied with the necessary prerequisites set forth in the STCA. "All tort claims shall be filed with the Risk Manager . . . ." Neb. Rev. Stat. § 81-8,212. "[T]he filing requirements set forth in § 81-8,212 . . . are conditions precedent to the commencement of suit." *Cole v.*

7

*Isherwood*, 264 Neb. 985, 991, 653 N.W.2d 821, 827 (2002). Here, Ashford has not alleged that he filed any claims with the Risk Manager, and thus his claims are also dismissed on that basis.

  c. 42 U.S.C. § 1981

The Complaint alleges Ashford brought this action for damages, in part, pursuant to 42 U.S.C. § 1981. *See* Filing 1 at 4; *see also* Filing 1 at 1; Filing 1 at 18-32. "Section 1981 guarantees to all persons the same right to contract 'as is enjoyed by white citizens' and encompasses claims of retaliation." *Sayger v. Riceland Foods, Inc.*, 735 F.3d 1025, 1030 (8th Cir. 2013) (internal citations omitted). However, "sovereign immunity bar[s] claims under . . . 42 U.S.C. § . . . 1981," and "[s]tates are immune from claims brought under [this statute]." *Bunch v. Univ. of Ark. Bd. of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017); *see also Singletary v. Mo. Dep't of Corr.*, 423 F.3d 886, 890 (8th Cir. 2005) (concluding that "[the state] is immunized from any claim by [the defendant] brought under § 1981"). Thus, any claims Ashford alleges against Defendants in their official capacities based on 42 U.S.C. § 1981 are barred sovereign immunity.[4]

  d. 42 U.S.C. § 1983

Ashford seeks damages pursuant to 42 U.S.C. § 1983 based on numerous alleged violations of his constitutional and statutory rights. *See* Filing 1 at 4; *see also* Filing 1 at 1; Filing 1 at 28 (alleging numerous constitutional violations). Section 1983 provides for an action against any "person" who violates another's statutory or constitutional rights. 42 U.S.C. § 1983. The Supreme Court has clarified that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989). Further, "sovereign immunity bar[s] claims under . . . 42 U.S.C. §

---

[4] Further, section 1983 "provides the exclusive federal damages remedy for the violation of rights guaranteed by § 1981 when the claim is pressed against a state actor." *Carter v. Davis*, No. 7:19CV5011, 2020 WL 1848254, at *7 (D. Neb. Apr. 13, 2020) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 702, 109 S. Ct. 2702, 2705, 105 L. Ed. 2d 598 (1989)).

1983" and "[s]tates are immune from claims brought under [this law]." *Bunch*, 863 F.3d at 1067. Thus, sovereign immunity bars any section 1983 claims Ashford alleges against Defendants.

e. Title VII

Ashford also brought this action for damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. *See* Filing 1 at 4; *see also* Filing 1 at 1; Filing 1 at 18-32. "Title VII prohibits discrimination on the basis of race, color, religion, sex, and national origin 'with respect to . . . compensation, terms, conditions, or privileges of employment,' and discriminatory practices that would 'deprive any individual of employment opportunities or otherwise adversely affect his status as an employee.'" *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 173–74, 131 S. Ct. 863, 868, 178 L. Ed. 2d 694 (2011) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006)). "Title VII claims brought against a state are not barred by sovereign immunity." *Bunch*, 863 F.3d at 1068 (citing *Okruhlik v. Univ. of Ark. ex rel. May*, 255 F.3d 615, 627 (8th Cir. 2001) ("Congress . . . validly abrogated the Eleventh Amendment for claims of disparate treatment and impact on the basis of gender and race.").

While sovereign immunity does not bar Ashford's claim, he has failed to allege that Hendrix or the State employed him. Accordingly, any claim predicated upon Title VII is dismissed.

f. The Nebraska Constitution

Lastly, Ashford lists the Nebraska constitution as a source for his damages. *See* Filing 1 at 4; *see also* Filing 1 at 1; Filing 1 at 18-32. However, "legislative action is necessary to waive the state's sovereign immunity." *Stamm v. Cty. of Cheyenne*, 326 F. Supp. 3d 832, 844 (D. Neb. 2018) (citing *McKenna v. Julian*, 277 Neb. 522, 763 N.W.2d 384, 390–91 (2009)). Similar to section 1983 providing a procedural mechanism for pursuing damages for violations of constitutional rights, Neb. Rev. Stat. § 20-148 provides "an immediate and expeditious civil remedy to any

9

person in Nebraska whose constitutional or statutory rights have been violated." *Adkins v. Burlington N. Santa Fe R. Co.*, 260 Neb. 156, 159, 615 N.W.2d 469, 472 (2000) (citing Statement of Purpose, L.B. 66, Committee on Judiciary, 86th Leg., 1st Sess. (Jan. 18, 1977)). Yet, "it does not operate to waive sovereign immunity and has no application here." *Potter v. Bd. of Regents of the Univ. of Nebraska*, 287 Neb. 732, 740, 844 N.W.2d 741, 750 (2014). Accordingly, any claims Ashford sets forth seeking damages for violation(s) of rights guaranteed by the Nebraska constitution are barred by sovereign immunity.

In summary, all claims against the State and Hendrix in her official capacity are dismissed for lack of subject matter jurisdiction or failure to state a claim.

  2. *Hendrix (Individual Capacity)*

Hendrix argues for dismissal of all claims against her in her individual capacity because of judicial immunity, sovereign immunity, and Ashford's failure to state claims. *See* Filing 21 at 7-9. In the alternative, Hendrix argues abstention bars Ashford's claims and asks the Court to stay its proceedings pending resolution of related state-court proceedings. *See* Filing 21 at 9-11. The Court finds that judicial immunity bars many of Ashford's claims against Hendrix individually and that he otherwise fails to state claims against her in her individual capacity. For these reasons, the Court will dismiss all claims against Hendrix individually as addressed below.

  a. PSTCA and STCA

The Complaint seeks damages through reference to the PSTCA, Neb. Rev. Stat. § 13-901, et seq., and the STCA, Neb. Rev. Stat. § 81-8,209 et seq. However, as discussed above, the PSTCA applies to political subdivisions and their employees, not the State and its employees. *See supra* Section III.B.1.a. Under the STCA, "whether a plaintiff has sued a state officer or employee in his or her individual capacity is irrelevant to whether the STCA bars a tort claim against that officer

or employee." *Davis*, 297 Neb. at 970, 902 N.W.2d at 181. The Nebraska Supreme Court has stated that, under the STCA, "plaintiffs are limited to suing state officers and employees in their official capacities" and "only when the officer or employee was not acting within the scope of his or her office or employment can a plaintiff pursue a tort claim against the officer or employee individually." *Davis*, 297 Neb. at 970, 902 N.W.2d at 181.

Here, the allegations of fact upon which Ashford's claims rest consist of Hendrix signing orders reducing his attorney's fees and submitting a bar complaint against him. Filing 1 at 9-10, 21. Signing and issuing orders addressing attorney's fees in pending case is unquestionably part of Hendrix's judicial duties. Further, the Neb. Rev. Code of Judicial Conduct notes that "[t]aking action to address known misconduct is a judge's obligation." § 5-302.15, cmt 1. Submitting a bar complaint is an "action to address known misconduct" and such activity is therefore within the scope of Hendrix's employment as a judicial officer. Thus, Hendrix's alleged actions fall within the scope of her employment, and the STCA applies.

As previously discussed, the Court is unable to discern what tort claims the Complaint may contain and is thus unable to determine whether Hendrix's actions fall within an exception to the STCA. The Complaint's causes of action do not indicate any tort claims, and the other allegations are similarly inscrutable. To the extent the Complaint attempts to allege any tort claims, the Court dismisses them for failure to state a claim based on a lack of clarity. Further, Ashford has not alleged compliance with the STCA's prerequisites. "All tort claims shall be filed with the Risk Manager . . . ." Neb. Rev. Stat. § 81-8,212. "[T]he filing requirements set forth in § 81-8,212 . . . are conditions precedent to the commencement of suit." *Cole*, 264 Neb. at 991, 653 N.W.2d at

11

827. Here, Ashford has not alleged that he filed any claims with the Risk Manager, and thus his claims are also dismissed on this basis.[5]

      b. 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the Nebraska Constitution[6]

The Complaint alleges Ashford brought this action for damages, in part, pursuant to 42 U.S.C. §§ 1981, 1983 and the Nebraska constitution. *See* Filing 1 at 4; *see also* Filing 1 at 1; Filing 1 at 18-32. However, "[g]enerally, a judge is immune from a suit for money damages." *Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (quoting *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)). This judicial immunity applies "in all but two narrow sets of circumstances." *Id.* (quoting *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (quoting *Schottel*, 687 F.3d at 373).

As discussed in the preceding section, Hendrix's alleged actions of signing orders and submitting a bar complaint, both related to a pending guardianship case, were undertaken within the scope of her judicial capacity. And, Ashford does not argue and the Court does not see any reason Hendrix's actions were taken without jurisdiction. *See* Neb. Rev. Stat. § 24-517 (noting that Nebraska county courts have "[e]xclusive original jurisdiction in all matters relating to the guardianship of a person"). Accordingly, the Court dismisses any claims under sections 1981 and 1983 against Hendrix individually because of judicial immunity.

---

[5] The Court notes that judicial immunity and qualified immunity may also apply but declines to conduct such analyses because doing so is unnecessary.

[6] The Court again addresses § 1983 in conjunction with any claim Ashford may state for damages based on a violation of his constitutional rights under the United States Constitution. *See Henley*, 686 F.3d at 640 (stating that "[s]tanding alone, section 1983 does not establish any substantive rights" but rather "serves as a vehicle for 'vindicating federal rights elsewhere conferred by . . . the United States Constitution . . . .'" (quoting *Baker*, 443 U.S. at 144 n.3, 99 S. Ct. 2689)).

    c. Title VII

Ashford also seeks damages pursuant to Title VII. *See* Filing 1 at 4; *see also* Filing 1 at 1; Filing 1 at 18-32. As discussed in Section III.B.1.e above, there are no allegations that Hendrix employed Ashford. Because no employment relationship was alleged, Title VII is inapplicable to these facts, and any claim predicated upon Title VII is dismissed.

In summary, all claims against Hendrix individually are dismissed.

## IV. CONCLUSION

The Court has concerns about the conduct of Ashford in repeatedly filing federal and state litigation in response to what he deemed to be an unfavorable result in an attorney's fees award and then a subsequent bar complaint arising from a probation matter in Douglas County Court. Ashford has now filed four lawsuits against a judge and various political entities. Ashford, as a lawyer who alleges that he has practiced law for twenty-six years, is well-aware of the standard of conduct required for an attorney.

It is clear that Ashford has previously utilized his legal abilities to bring important matters to the forefront of discussion in our society. But this does not justify repeatedly filing what is essentially the same frivolous lawsuit in an effort to get back at a judge who gave him an unfavorable ruling and reported his conduct to the bar authorities.

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss, Filing 19, and dismisses all claims against the State of Nebraska and Hendrix, both officially and individually. All other requested relief is denied as moot.

    IT IS ORDERED:

1. Defendants' Motion to Dismiss, Filing 19, is granted;

2. All claims against the State of Nebraska and Marcena Hendrix, in both her official and individual capacities, are dismissed; and

3. The State of Nebraska and Marcena Hendrix are dismissed as parties to the case.

Dated this 30th day of July, 2020.

                          BY THE COURT:

                          _____
                          Brian C. Buescher
                          United States District Judge