IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY L. ASHFORD, and TIMOTHY L. ASHFORD, PC LLO, | |
| Plaintiffs, | **8:20CV36** |
| vs. | **ORDER** |
| DOUGLAS COUNTY, JOHN DOES, 1-100, and JANE DOES, 1-100, | |
| Defendants. | |

Plaintiff has moved for recusal of all judges for the United States District Court for the District of Nebraska. (Filing No. 56). Every judicial officer must satisfy herself that she is actually unbiased toward the parties in each case and that her impartiality is not reasonably subject to question. In re Kansas Public Employees Retirement System, 85 F.3d 1353, 1358 (8th Cir. 1996). Decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge. United States v. Balistrieri, 779 F.2d 1191, 1202-03 (7th Cir. 1985). As such, this order addresses only whether I must recuse myself. It does not and cannot address whether other judges in this district must recuse themselves from considering this case.

"A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003). Here, Plaintiff claims recusal is necessary because "Plaintiff has been banned from this court's Criminal Justice Act Panel, without explanation, to represent indigent defendants in criminal cases although the Plaintiff won the first CJA Panel federal criminal jury trial in which he was

appointed." (Filing No. 55, at CM/ECF p. 2). He argues he was removed from this court's CJA Panel by the CJA Panel Selection Committee because of his race. He cites the documentation of that removal along with several federal and state court decisions in support of his request for recusal.

"[T]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." Cheney v. U.S. Dist. Court for Dist. of Columbia, 541 U.S. 913, 924 (2004); O'Bannon v. Union Pac. R.R. Co., 169 F.3d 1088, 1091 (8th Cir.1999); Lunde v. Helms, 29 F.3d 367, 370 (8th Cir. 1994). "In deciding whether to recuse [her]self, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of [her] presiding over their case." In re Kansas Public Employees Retirement System, 85 F.3d at 1358 (quoting In re Drexel, 861 F.2d 1307, 1312 (2d Cir. 1988). While a judge must recuse herself if her "impartiality might reasonably be questioned," (28 U.S.C. §455(a)), she has an equal obligation not to recuse herself when there is no reason to do so. Southwestern Bell Telephone Co. v. F.C.C., 153 F.3d 520, 523 (8th Cir. 1998).

Pursuant to 28 U.S.C. §455(b)(1) & (2), recusal is necessary if the judge:

- has personal knowledge of disputed evidentiary facts concerning the proceeding; or

- is a material witness for the case; or

- served as lawyer in the matter in controversy while in practice; or

- previously practiced law with an attorney who was, at the time of the judge's association with that attorney, providing representation for the matter in controversy or who is a material witness in the case.

28 U.S.C. §455(b)(1) & (2). Moreover, under the Due Process Clause, a judge must recuse herself in instances where, "as an objective matter, . . . the

2

probability of actual bias on the part of the judge or decision maker is too high to be constitutionally tolerable." Caperton v. A.T. Massey Coal Co., Inc., 129 S.Ct. 2252, 2254 (U.S. 2009).

Applying these standards, Plaintiff's request that I recuse myself must be denied. I have no personal knowledge of any of the allegations in Plaintiff's operative pleading or his proposed amended complaint. I have not practiced in the District Court of Douglas County for over 20 years. I do not know the plaintiff. I have no personal relationship with any of the named defendants, or any of the defendants Plaintiff seeks to add to this case. I am not, and have never been, a member of the CJA Panel Selection Committee, and I was not a presiding judge or attorney for any party in any of the cases cited by Plaintiff in support of his motion requesting my recusal.

Under such circumstances, a reasonable person would not conclude I am biased. For all the foregoing reasons,

IT IS ORDERED that as it applies to the undersigned magistrate judge, Plaintiff's amended motion to recuse, (Filing No. 56), is denied.

Dated this 2nd day of November, 2020.

BY THE COURT:

_s/ Cheryl R. Zwart_
United States Magistrate Judge