IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY L. ASHFORD, and TIMOTHY L. ASHFORD, PC LLO;<br><br>                Plaintiffs,<br>   vs.<br><br>DOUGLAS COUNTY, JOHN DOES, 1-100, and JANE DOES, 1-100;<br><br>                Defendants. | 8:20-CV-36<br><br>MEMORANDUM AND ORDER |

## I. INTRODUCTION

Timothy L. Ashford and Timothy L. Ashford, PC LLO originally brought this action seeking damages for numerous alleged constitutional violations. *See* Filing 1. After prior rulings on several other motions, this case is now before the Court on Ashford's Amended Motion for Recusal[1] (Filing 56) and various motions and briefs seeking leave to amend the complaint. *See* Filing 49; Filing 50; Filing 60; Filing 61; Filing 63; Filing 64. In his recusal motions, Ashford requests recusal of all judges for the United States District Court for the District of Nebraska. *See* Filing 56. His other filings seek leave to amend the complaint to add additional parties and also change the facts and theories of recovery. *See generally* Filing 50. For the reasons outlined below, the Court denies Ashford's recusal motions and denies his motions to amend.

## I. BACKGROUND

Ashford is a Nebraska resident and has been a licensed attorney for over twenty-six years. Filing 1 at 3. His co-plaintiff is his law firm. Filing 1 at 3. The present case arose out of Ashford's representation of an individual in a guardianship case in Douglas County Probate Court. Filing 1

---

[1] Ashford originally filed a Motion for Recusal (Filing 54) which is also before this Court. The Court will rule on both motions simultaneously due to their substantive similarity. For the sake of clarity, the Court will refer only to the Amended Motion.

1

at 8. In that case, he submitted requests for attorneys' fees to former defendant Marcena Hendrix, a Douglas County Court Judge. Filing 1 at 3, 9. Judge Hendrix ultimately reduced Ashford's requested attorney's fees. Filing 1 at 9-10. Ashford alleges Judge Hendrix also filed a bar complaint against him with Nebraska's Office for Counsel for Discipline. Filing 1 at 21. As a result, Ashford filed this action seeking damages for a plethora of claimed constitutional and statutory violations. *See* Filing 1 at 18-34.

He originally sought damages pursuant to the Nebraska's Political Subdivisions Tort Claims Act ("PSTCA"), Neb. Rev. Stat. § 13-901 et seq.; the Nebraska State Tort Claims Act ("STCA"), Neb. Rev. Stat. § 81-8,209 et seq.; 42 U.S.C. § 1981; 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; and the United States and Nebraska Constitutions. Filing 1 at 1. Judge Hendrix and the State of Nebraska filed a joint motion to dismiss which the Court granted on the bases of sovereign immunity, judicial immunity, and failure to state a claim. *See* Filing 19; Filing 23. Ashford then filed the present Motion for Leave to Amend Complaint (Filing 49), Amended Motion for Recusal of the Entire Panel of Judges in Nebraska (Filing 56), and Motion in Opposition and Motion to Alter or Amend the Complaint (Filing 63).

## II. DISCUSSION

Ashford's various motions can be distilled to two issues: recusal and leave to amend. Because the recusal motion challenges the propriety of the undersigned judge presiding over this case and making decisions in it, the Court addresses recusal first before turning to leave to amend.

### A. Recusal

Ashford argues all District of Nebraska judges should recuse themselves due to racial bias. *See* Filing 55 at 2. This request by definition includes a request for recusal of the undersigned judge.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge must "apply 'an objective standard of reasonableness in determining whether recusal is required.'" *United States v. Delorme*, 964 F.3d 678, 681 (8th Cir. 2020) (quoting *United States v. Oaks*, 606 F.3d 530, 536 (8th Cir. 2010)). "The question is whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *Id.* (quoting *Oaks*, 606 F.3d at 536). Further, due process requires recusal when "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 872, 129 S. Ct. 2252, 2257, 173 L. Ed. 2d 1208 (2009). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Delorme*, 964 F.3d at 681 (quoting *Oaks*, 606 F.3d at 536).

Ashford supports his motion for recusal of the undersigned judge by arguing 28 U.S.C. § 455(a) requires recusal because "the late Judge Laura [sic] Smith Camp . . . bann[ed] [him] from the CJA Panel . . . based upon his race and retaliation for his representation of blacks in court." Filing 55 at 2. This allegedly occurred in 2016. Filing 55 at 3. Ashford also cites an amalgamation of case law relating to impartiality, civil rights, and the United States Constitution and also refers to a conversation about a 2011 college football game involving Oregon and Auburn involving Nebraska Supreme Court Chief Justice Heavican and now Chief District Judge John Gerrard. *See* Filing 55 at 5-8. Ashford further refers to state-court litigation, rampant judicial racism, and a variety of tangential topics in attempting to support his motion. *See generally* Filing 55. Many of these complaints have already been the subject of unsuccessful federal or state litigation. *See, e.g.*, *Ashford v. Off. for Couns. for Discipline*, No. 8:19-CV-243, 2019 WL 2371662 (D. Neb. June 5,

2019), *aff'd,* 805 F. App'x 446 (8th Cir. 2020); *Ashford v. Douglas Cnty.*, No. 8:15-CV-8, 2016 WL 2746981 (D. Neb. May 9, 2016) (dismissal vacated and remanded for dismissal due to lack of standing by *Ashford v. Douglas Cnty.*, 880 F.3d 990, 993 (8th Cir. 2018)); *Ashford, et al. v. Off. for Couns. for Discipline, et al.*, No. CI 19-3445 (D. Ct. of Douglas Cnty., Neb. 2019).

Ashford does not make any specific allegations as to the undersigned judge that would remotely support his motion for recusal or which would support his claim of "racial bias" on the part of the undersigned judge. *See* Filing 55. Although Ashford cites his removal from the CJA panel as support for his recusal motion, the undersigned judge had nothing to do with that decision because it was allegedly made in 2016 prior to the undersigned judge's confirmation by the United States Senate as a federal judge in 2019. Indeed, the undersigned judge has no recollection of ever meeting or even having heard of Ashford before this case.

"An average individual on the street," *Delorme*, 964 F.3d at 681, who is aware of the fact that the undersigned was not even a federal judge at the time the alleged discriminatory action took place could not reasonably question the Court's impartiality. In fact, an average individual with knowledge of the described timeline and context would likely find Ashford's allegations to be baseless, frivolous, unprofessional, and illogical, just as this Court does.[2] Furthermore, the undersigned judge cannot rule on the impartiality of other District of Nebraska judges and need not do so because they are neither assigned to nor charged with making decisions in this case. Accordingly, Ashford's motions for recusal are denied.

**B. Leave to Amend**

---

[2] The Court notes this is the second time the undersigned judge has concluded in an order that Ashford has filed frivolous pleadings or motions. Filing 23 at 13. Further, Ashford's conduct in this case thus far certainly does not support the notion that he has the judgment and temperament necessary to be appointed by a state or federal court to represent defendants in criminal cases where the defendant's personal liberty is at stake.

4

Ashford next seeks leave to amend pursuant to Federal Rule of Civil Procedure 15(a). Filing 49. His motion, in its entirety, states, "Plaintiff files this motion for leave to amend the complaint and add parties pursuant to FRCP 15 and files a brief with this motion." Filing 49 at 2. His accompanying brief indicates that he seeks to add case law to his complaint and additional parties. Filing 50 at 3-4. However, his proposed amended complaint appears to also add new facts and alternative theories of recovery. *See* Filing 50-1.

Rule 15(a) governs motions to amend the pleadings and provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it" or "21 days after service of a responsive pleading or motion." Fed. R. Civ. P. 15(a)(1). Any other amendments require "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Ashford's request for leave is pursuant to Rule 15(a)(2) because more than twenty-one days have passed since either the Complaint was served or Douglas County filed a responsive pleading. *See* Filing 1 (Complaint filed on January 21, 2020, but no return of summons filed); Filing 11 (Douglas County's Answer filed on February 5, 2020). Thus, his amendment requires "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Nothing indicates that Douglas County or any proposed party consents to the amendment.

Without addressing the merits of Ashford's amendment motions, the Court will deny them pursuant to the Court's local rules. NECivR 15.1(a) states that, "A party who moves for leave to amend a pleading (including a request to add parties) must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." Ashford's proposed amended complaint fails to "clearly identify the proposed amendments." NECivR 15.1(a). While his motion and brief suggest the addition of parties and cite case law, *see* Filing 49 at 2 and Filing 50 at 3-4, and the proposed amended complaint includes

5

additional parties, it does not include the proposed case law. *See* Filing 50-1. Instead, the proposed amended complaint appears to add entirely new factual allegations and completely different causes of action. *Compare* Filing 50-1, *with* Filing 1. These new facts and causes of action are not clearly identified much less identified in any way as required by local rules.

NECivR 15.1(a) further requires a motion for leave to amend to "(1) specifically state the proposed amendments and (2) state whether the motion is unopposed or opposed, after conferring with opposing parties." Ashford's motion to amend indicates the addition of parties but fails to state any other proposed amendments with specificity. *See* Filing 49. Ashford's motion also fails to "state whether the motion is unopposed or opposed." NECivR 15.1(a). Due to a complete failure to follow the Court's local rules, Ashford's motions seeking leave to amend are denied.

### III. CONCLUSION

For the foregoing reasons, the Court denies Ashford's motions for recusal and denies his motions to amend. Accordingly,

IT IS ORDERED:

1. Plaintiff's Motion to Recuse (Filing 54) is denied;
2. Plaintiff's Amended Motion to Recuse (Filing 56) is denied;
3. Plaintiff's Motion for Leave to Amend Complaint (Filing 49) is denied; and
4. Plaintiff's Motion in Opposition and Motion to Alter or Amend the Complaint (Filing 63) is denied.

Dated this 7th day of December, 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

6