IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY L. ASHFORD, and TIMOTHY L. ASHFORD, PC LLO; <br><br> Plaintiffs, <br><br> vs. <br><br> DOUGLAS COUNTY, JOHN DOES, 1-100, and JANE DOES, 1-100; <br><br> Defendants. | 8:20-CV-36 <br><br> MEMORANDUM AND ORDER |

## I. INTRODUCTION

Timothy L. Ashford and Timothy L. Ashford, PC LLO originally brought this action against Douglas County Court Judge Marcena Hendrix seeking damages for numerous alleged constitutional violations after Judge Hendrix partially ruled against Ashford on his request for an award of attorneys' fees. *See* Filing 1. After prior rulings on several other motions, this case is now before the Court on Ashford's Second Motion for Leave to Amend Complaint and for Recusal (Filing 69). In his motion, Ashford again requests recusal of all judges for the United States District Court for the District of Nebraska with particular emphasis on recusal of the undersigned judge. *See* Filing 70 at 9-32. He also seeks leave to amend his complaint. *See* Filing 70 at 1-9. For the reasons outlined below, the Court denies Ashford's motion in its entirety and also dismisses the above-captioned Jane and John Doe Defendants for lack of prosecution.

## II. BACKGROUND

Ashford is a Nebraska resident and has been a licensed attorney for over twenty-six years. Filing 1 at 3. His co-plaintiff is his law firm. Filing 1 at 3. The present case arose out of Ashford's representation of an individual in a guardianship case in Douglas County Probate Court. Filing 1 at 8. In that case, he submitted requests for attorney's fees to Judge Hendrix, a Douglas County

1

Court Judge. Filing 1 at 3, 9. Judge Hendrix ultimately reduced Ashford's requested attorney's fees. Filing 1 at 9-10. Ashford alleges Judge Hendrix also filed a bar complaint against him with Nebraska's Office of Counsel for Discipline. Filing 1 at 21.

In response to Judge Hendrix's actions of reducing his legal fees and filing a bar complaint against him, Ashford sued Judge Hendrix, the State of Nebraska, and Douglas County in this case seeking damages for a plethora of claimed constitutional and statutory violations. *See* Filing 1 at 18-34. Ashford originally sought damages pursuant to the Nebraska's Political Subdivisions Tort Claims Act ("PSTCA"), Neb. Rev. Stat. § 13-901 et seq.; the Nebraska State Tort Claims Act ("STCA"), Neb. Rev. Stat. § 81-8,209 et seq.; 42 U.S.C. § 1981; 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; and the United States and Nebraska Constitutions. Filing 1 at 1. Ashford alleged, among other things, that Hendrix and the other defendants "violat[ed] . . . [Ashford's] U.S. Constitutional Rights, violat[ed] . . . [Ashford's] Federal Civil Rights and Nebraska Constitutional rights based upon race." *See* Filing 1 at 18-34 (enumerating seven causes of action, including violating the Constitution, "JUDICIAL IMMUNITY DOES NOT APPLY," "DEFENDANT HENDRIX SEEKS TO RAILROAD THE PLAINTIFF," and "DEFENDANT HENDRIX PLAYED THE SHELL GAME THREE CARD MONTY AND COMMITTING MAIL FRAUD," and seeking general, special, and punitive damages plus costs and fees).

Judge Hendrix and the State of Nebraska filed a joint motion to dismiss which the Court granted on the bases of sovereign immunity, judicial immunity, and failure to state a claim. *See* Filing 19; Filing 23. Thus, the only claims remaining in this case are against Douglas County.[1]

---

[1] Douglas County did not move to dismiss the claims against it.

After Ashford's attempt to sue Judge Hendrix and the State of Nebraska proved unsuccessful, Ashford filed a Motion for Leave to Amend Complaint on October 23, 2020. Filing 49. In the motion to amend, Ashford sought to sue Douglas County Public Defender Thomas Riley along with six Nebraska state-court judges, namely Judge W. Russell Bowie, Judge Horacio Wheelock, Judge James Gleason, Judge Timothy Burns, Judge Derek Vaughn, and Judge Craig McDermott. Filing 50-1. In Ashford's proposed amended complaint, he seeks to allege that these judges "engaged in a continuing pattern, custom, policy, procedure and practice of knowingly, intentionally and purposefully discriminating against [Ashford] and other African American Attorneys by denying court appointments to represent indigent defendants in murder cases in Omaha, Douglas County, Nebraska." Filing 50-1 at 7. Shortly after Ashford sought to add the above-referenced judges to this lawsuit, the Honorable Michael D. Nelson, magistrate judge, recused himself from this case on October 27, 2020. Filing 52.

On November 1, 2020, only days after Judge Nelson recused, Ashford filed a "motion for recusal" wherein he requested "the entire panel of judges in Nebraska recuse themselves in this case." Filing 55 at 55. In support of such motion, Ashford alleged that "the late Judge Laura [sic] Smith Camp signed the order banning Plaintiff from the CJA Panel on February 22, 2016." Filing 55 at 2. "The Plaintiff [Ashford] alleges the ban was based upon his race and retaliation for his representation of blacks in court." Filing 55 at 2. Ashford has also alleged that "[i]t was racist for [Judge Smith Camp] to treat [him] as a pro se criminal defendant" by "appointing a white attorney as [his] standby counsel." Filing 55 at 15; *see also U.S.A. v. Baskin*, No. 8:15-CR-313 (D. Neb. 2017) at Filing 38 (in which Ashford originally raises this argument). In the *Baskin* case, Ashford argued, "Not since *Plessy v. Ferguson* has a court unilaterally taken away a right of a black man.

3

The appointment of standby counsel is humiliating, embarrassing and racist." *U.S.A. v. Baskin*, No. 8:15-CR-313 at Filing 38.

On November 3, 2020, the Honorable Judge Cheryl R. Zwart, magistrate judge, who was assigned to the case after Magistrate Judge Nelson recused and after Ashford sought to add Douglas County judges to this case, denied the motion for recusal, stating:

> I have no personal knowledge of any of the allegations in Plaintiff's operative pleading or his proposed amended complaint. I have not practiced in the District Court of Douglas County for over 20 years. I do not know the plaintiff. I have no personal relationship with any of the named defendants, or any of the defendants Plaintiff seeks to add to this case. I am not, and have never been, a member of the CJA Panel Selection Committee, and I was not a presiding judge or attorney for any party in any of the cases cited by Plaintiff in support of his motion requesting my recusal. Under such circumstances, a reasonable person would not conclude I am biased.

[Filing 57 at 3](Filing 57 at 3).

After Magistrate Judge Zwart denied Ashford's motion to recuse, he filed a second motion to recuse Judge Zwart. [Filing 59](Filing 59). In his forty-three-page brief, he contended that "[t]he judge misunderstands the law." [Filing 60 at 2](Filing 60 at 2). Ashford also outlined what he calls "[t]he racist playbook to destroy black attorneys in Nebraska Courts." [Filing 60 at 9](Filing 60 at 9). Judge Zwart denied the second motion with a text order. Filing 62.

The undersigned judge also denied the first motion to recuse in an order addressing both the recusal motion and Ashford's motion to add a group of Douglas County judges as defendants in this case:

> Ashford does not make any specific allegations as to the undersigned judge that would remotely support his motion for recusal or which would support his claim of "racial bias" on the part of the undersigned judge. *See* [Filing 55](Filing 55). Although Ashford cites his removal from the CJA panel as support for his recusal motion, the undersigned judge had nothing to do with that decision because it was allegedly made in 2016 prior to the undersigned judge's confirmation by the United States Senate as a federal judge in 2019. Indeed, the undersigned judge has no recollection of ever meeting or even having heard of Ashford before this case.

4

> "An average individual on the street" who is aware of the fact that the undersigned was not even a federal judge at the time the alleged discriminatory action took place could not reasonably question the Court's impartiality. In fact, an average individual with knowledge of the described timeline and context would likely find Ashford's allegations to be baseless, frivolous, unprofessional, and illogical, just as this Court does.

Filing 68 at 4 (quoting *United States v. Delorme*, 964 F.3d 678, 681 (8th Cir. 2020)). In the same order, the Court also denied Ashford's first Motion to Amend for failure to comply with this Court's local rules, including NECivR 15.1(a). *See* Filing 68 at 4-6. Ashford, undeterred, filed another motion for recusal of the undersigned judge on December 15, 2020. Filing 70.

In Ashford's second motion for recusal, Ashford filed rambling briefs making numerous salacious allegations against the undersigned judge and others, including suggesting the undersigned judge was using a "racist playbook to destroy black attorneys in Nebraska Courts," Filing 70 at 10, that the undersigned judge "LACKS THE INTELLEGENCE . . . JUDGMENT AND . . . TEMPERATMENT TO DECIDE ANY CASE," Filing 75 at 10, and the undersigned judge has already reached an opinion on this case and is biased, Filing 70 at 10-11.

In support of his motions, Ashford references prior suits related to the claims in this case. Those previous suits were unsuccessful. For example, Ashford previously filed suit in the District Court of Douglas County, Nebraska, seeking damages for the same causes of action he now raises in his proposed amended complaint and based on the same facts. *Compare* Filing 20-2, *with* Filing 1. In *Ashford v. Douglas County et al.*, 8:15-CV-8 (D. Neb. 2015), Ashford sued Judge W. Russell Bowie, Judge Horacio Wheelock, Douglas County Public Defender Thomas Riley, Denise Frost, Judge James Gleason, Judge Timothy Burns, Judge Derek Vaughn, and Judge Craig McDermott. *Ashford v. Douglas Cnty.*, 8:15-CV-8 at Filing 31. In that lawsuit, Ashford alleged the defendants "intentionally and purposefully discriminat[ed] against Plaintiff and other African American

5

Attorneys by denying court appointments to represent indigent defendants in cases and in murder cases in Omaha, Douglas County, Nebraska." *Ashford v. Douglas Cnty.*, 8:15-CV-8 at Filing 31. The Honorable Lyle E. Strom dismissed the case, ruling that "Defendants Bowie, McDermott, Gleason, Burns, and Vaughn [were] entitled to judicial immunity." *Ashford v. Bowie*, No. 8:15-CV-8, 2016 WL 4186952, at *2 (D. Neb. Aug. 8, 2016), *vacated and remanded sub nom*. *Ashford v. Douglas Cnty.*, 880 F.3d 990 (8th Cir. 2018). On appeal, the Eighth Circuit Court of Appeals concluded that Ashford did not have standing in the lawsuit and thus vacated Judge Strom's ruling without reaching the merits of Judge Strom's decision. *See Ashford v. Douglas Cnty.*, 880 F.3d 990 (8th Cir. 2018). The Eighth Circuit further ordered Ashford's lawsuit be dismissed. *Id.*

Ashford also filed suit in the District Court of Douglas County, Nebraska, against the Nebraska Office for Counsel for Discipline. *Ashford v. Off. for Couns. for Discipline*, No. 8:19-CV-243 (D. Neb. 2019) at Filing 1. In that case, Ashford alleged that he sent Mark Weber of the Office for Counsel for Discipline a letter "request[ing] that Weber recuse their office from the two preliminary [ethics] inquiries" filed against Ashford. *Ashford v. Off. for Couns. for Discipline*, No. 8:19-CV-243 at Filing 1 at 5. After Weber refused, Ashford sued Weber and the Office for Counsel for Discipline "request[ing] relief for violation of the Plaintiff's right to make and enforce contracts, violation of the Plaintiff's U.S. Constitutional Rights, [and] violation of Plaintiffs [sic] Federal Civil Rights and Nebraska Constitutional Rights based upon race" among other claims. *Ashford v. Off. for Couns. for Discipline*, No. 8:19-CV-243 at Filing 1 at 4; *see also id.* at 23-28 (in which Ashford describes the ways "white judges have attempted to financially lynch [him]," give him the "'Black' treatment," and "humiliate" him). The Honorable John M. Gerrard sua sponte dismissed the lawsuit on abstention grounds, which ruling the Eighth Circuit Court of

6

Appeals subsequently affirmed. *Ashford v. Off. for Couns. for Discipline*, No. 8:19-CV-243, 2019 WL 2371662 (D. Neb. June 5, 2019), *aff'd*, 805 F. App'x 446 (8th Cir. 2020).

### III. DISCUSSION

Because the recusal motion challenges the propriety of the undersigned judge presiding in this case and making decisions in it, the Court addresses recusal before considering leave to amend and failure to prosecute relating to the placeholder defendants.

### A.  Recusal

Ashford again seeks recusal of the undersigned judge and all other judges for the United States District Court for the District of Nebraska. *See* Filing 70 at 9-32. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge must "apply 'an objective standard of reasonableness in determining whether recusal is required.'" *Delorme*, 964 F.3d at 681 (quoting *United States v. Oaks*, 606 F.3d 530, 536 (8th Cir. 2010)). "The question is whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *Id.* (quoting *Oaks*, 606 F.3d at 536). Further, due process requires recusal when "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 872, 129 S. Ct. 2252, 2257, 173 L. Ed. 2d 1208 (2009). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Delorme*, 964 F.3d at 681 (quoting *Oaks*, 606 F.3d at 536).

Ashford generally argues:

(1) the undersigned judge "LACKS THE INTELLEGENCE . . . JUDGMENT AND . . . TEMPERATMENT TO DECIDE ANY CASE," Filing 75 at 10;

(2) the undersigned judge has already reached an opinion on this case and is biased, *see* Filing 70 at 10-11; and

(3) Ashford's lack of inclusion on the federal Criminal Justice Act Panel creates a conflict requiring recusal of all District of Nebraska judges. *See* Filing 70 at 15-26.

The Court will address these contentions in turn.

Ashford's first argument is that the undersigned judge is unqualified to preside over "any case." Filing 75 at 10. Generously, the court construes this as relating to Ashford's claim that the undersigned judge should be disqualified because, as Ashford argues in his brief: "[T]he undersigned judge's impartiality might reasonably be questioned because of the language in the Doc. 68 order: The Court notes this is the second time the undersigned judge has concluded in an order that Ashford has filed frivolous pleadings or motions." Filing 75 at 17.

Ashford's argument has no merit. First, Ashford claims the Court's reference to his "frivolous pleadings or motions" requires the undersigned judge's recusal. The only fair reading of those words or the Court's previous orders on the subject are that they refer to frivolous pleadings or motions filed in this case. It is completely appropriate for a trial judge to call out pleadings or motions before it that the Court considers frivolous. Ashford's contentions here do not support an argument for recusal.

Ashford's confusing arguments suggest he thinks the Court also called his prior lawsuit against the Counsel for Discipline frivolous and that such commentary on an outside case requires recusal. As an initial matter, Ashford cites no case law supporting his argument for recusal on such grounds, likely because there is nothing improper about a Court commenting on previous litigation

8

involving related issues. Further, Ashford's contention that his lawsuit against the Counsel for Discipline is not frivolous because the Supreme Court docketed the appeal he recently filed, and the Supreme Court "does not docket frivolous cases," is nonsense. *See* Filing 70 at 9; Filing 75 at 10. The Supreme Court, like all courts, dockets filings that are submitted to it; it does so without determining whether they are frivolous. Ashford's baseless argument is further refuted by the fact his petition for certiorari to the U.S. Supreme Court was promptly denied even without a response on the merits from the State of Nebraska. *See Timothy L. Ashford v. Off. for Couns. for Discipline, et al.*, No. 20-757, *cert. denied*. Accordingly, the Court finds Ashford's contentions in this regard do not disqualify the undersigned judge, impeach the undersigned's impartiality, or demonstrate bias.

Ashford next argues the undersigned has "reached an opinion on the ultimate issue" in this case, Filing 70 at 10-11, in reference to the Court's prior comment that "this was the second time Ashford had filed a frivolous motion or pleading" and that "Ashford's conduct in this case thus far certainly does not support the notion" that he should be appointed at taxpayer expense to represent criminal defendants. Filing 68 at 4. Ashford's argument has no merit.

First, the Court is confused why Ashford, who is an attorney versed in the legal system, would attack a judge by alleging that a judge is not supposed to comment about his or her views on the "ultimate issue" in a case.[2] Rather, that is exactly what a judge does. In fact, the undersigned judge already properly ruled on an "ultimate issue" in this case when it found the lawsuit against Judge Hendrix should be dismissed. Ashford cites no authority to support this made-up contention; a judge commenting on an "ultimate issue" in a case, even if such issue is not ready for final

---

[2] This is not a situation in which the judge invaded the province of a jury by providing his or her personal opinion on an issue the jury was to decide.

9

decision, is proper. It is likewise completely proper for the Court to have made such an observation given Ashford's conduct in this case.

Further, Ashford's contention is without merit because the Court's commentary on his unethical and unprofessional conduct in this case does not reach any "ultimate" issue on the merits. The subject matter of the present suit involves Ashford's representation of an individual in a guardianship case in Douglas County Probate Court and the reduction of Ashford's requested attorney's fees by a county judge. *See* Filing 1 at 8; Filing 23 at 1-2. If the Court were to allow Ashford to file his proposed amended complaint adding as defendants six Nebraska state-court judges, the court would also face the question of whether those judges previously violated Ashford's civil rights. The Court's comments were solely about Ashford's "conduct in this case thus far," Filing 68 at 4, and did not implicate his conduct in the guardianship case or in any other cases before the six state-court judges. Thus, such a comment is not an "opinion" on any "ultimate issue" in this case, whether considering the allegations in the amended complaint or not.

Ashford finally argues all judges for the United States District Court for the District of Nebraska have a conflict and must recuse themselves from hearing this case. Filing 70 at 15-26. The Court has already addressed this contention in its prior order by noting that it cannot and need not rule on the impartiality of judges who are not assigned to this case. *See* Filing 68 at 4. The Court denies this motion for the same reasons already outlined in that order.

This is not the first time Ashford has accused a judge or other quasi-judicial authority of being racist or discriminating against him on the basis of race. Upon review of the cases Ashford has referenced in his briefing in this case, the Court estimates that Ashford has at some point accused at least seven Nebraska state-court judges of being racist or discriminating against him on

10

the basis of race.[3] He also has accused two federal judges of the same. He likewise has accused the chair of the Counsel for Discipline of racial discrimination against him for refusing to "recuse" himself as to ethics complaints made against Ashford. He also seeks to sue the Douglas County Public Defender in this case, similarly accusing him of racial discrimination.[4]

Racism is a serious and important issue confronting our society and our courts. Unfortunately, Ashford's actions in repeatedly calling foul and alleging racism when he receives a court ruling or court-appointment-related decision he does not like only serves to undermine efforts to address racism.

When deciding whether to recuse from a case, a federal judge generally need not state a reason. It would be easiest for the undersigned judge to simply recuse from this case and not have to spend considerable time responding to baseless allegations and repeated motions for recusal. But at some point, a federal judge will need to handle this case. And further, this Court believes it improper to set an example that a more favorable judge might be had if a litigant can hurl enough insults to get the judge to recuse.

Applying an "objective standard of reasonableness," the Court does not believe its impartiality "might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *Delorme*, 964 F.3d at 681. Ashford has not borne his "substantial

---

[3] The Court "may take judicial notice of judicial opinions and public records" and "include [them] in [its] consideration of [a] case." *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)).

[4] Ashford also supports his recusal argument of all Nebraska federal judges by pointing out the irrelevant fact that the Honorable Joseph F. Bataillon, senior federal district court judge, is related to Nebraska state-court Judge Peter Bataillon, the presiding judge in another lawsuit Ashford filed in the District Court of Douglas County, Nebraska. Filing 55 at 25. Ashford moved to recuse Judge Peter Bataillon in *Ashford v. Hendrix, et al.*, No. CI 19-9165 (D. Ct. of Douglas Cnty., Neb. March 17, 2020), contending that Judge Peter Bataillon "created a history" of attorney malfeasance in order to obtain the disbarment of "a black male attorney." Filing 60 at 11-12. Ashford has also accused the undersigned judge of "attempting to set Plaintiff up for an ethical violation and disbarment." Filing 75 at 11. Given Ashford's conduct in this case thus far, the Court understands why Ashford is concerned about an "ethical violation" or "disbarment."

burden of proving" the presumption of impartiality wrong. *Id.* Ashford's renewed motion to recuse is denied.

### B. Leave to Amend

Because the undersigned need not recuse himself, the Court proceeds to address Ashford's renewed request for leave to amend pursuant to Federal Rule of Civil Procedure 15(a). Filing 69. As discussed below, the Court will not allow amendment.

Rule 15(a) governs motions to amend the pleadings and provides that apart from certain amendments as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule further provides that "[t]he court should freely grant leave when justice so requires." *Id.* This standard is construed liberally but "plaintiffs do not have an absolute or automatic right to amend." *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citing *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002)). A district court may appropriately deny the movant leave to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotation marks and citations omitted).

However, Rule 16(b) guides the district court on how to issue and modify pretrial scheduling orders and provides that "[e]xcept in categories of actions exempted by local rule, the . . . judge . . . must issue a scheduling order." Fed. R. Civ. P. 16(b)(1). The order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). "[T]he district court has broad discretion in establishing and enforcing the

deadlines," *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006), and a scheduling order "may be modified *only for good cause* and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). Additionally, Rule 16(d) states that a pretrial scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d).

"The interplay between Rule 15(a) and 16(b) is settled in [the Eighth] circuit." *Sherman*, 532 F.3d at 716. When a motion for leave to amend is filed outside the district court's scheduling order, the moving "party *must* show cause to modify the schedule." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (emphasis added). Showing "good cause" is more demanding than the standard in Rule 15. *See Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (stating that "[a]s regards case management orders, . . . the Federal Rules set a less forgiving standard" than the liberal construction given to requests to amend as a matter of course). Only after the movant has shown good cause to modify the scheduling order under Rule 16(b) may the court consider whether the amendment is permitted under Rule 15(a). *See Sherman*, 532 F.3d at 716 (citing with approval cases which first required a good-cause showing before proceeding to consider whether an amendment is proper under Rule 15(a)). "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." *Id.* at 716-17 (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). "Where there has been 'no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amending pleadings,' then [a court] may conclude that the moving party has failed to show good cause." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (quoting *Sherman*, 532 F.3d at 718).

Here, the Court finds that Ashford has not demonstrated good cause to extend the deadlines set forth in the scheduling order to allow him to amend his complaint. The Court's Case

13

Progression Order set a deadline of October 23, 2020, for the addition of parties or amendment of the pleadings. Filing 45 at 1. Ashford filed the present motion to amend on December 15, 2020. Filing 69. His motion and brief indicate that he seeks to add additional defendants who are judges from Douglas County. Filing 69; Filing 70 at 3. He argues the Court should "freely give leave" pursuant to Fed. R. Civ. P. 15 and because courts have allowed second, third, and fourth amended complaints in other cases. See Filing 70 at 4-8; Filing 75 at 9-10. In support of amending the complaint to add additional parties, Ashford states as follows:

> The Plaintiff has good cause for adding the parties at this time. Plaintiff requested the list of judges and others on the 4-17 Panel in two letters on March 15, 2019 and May 30, 2019. Plaintiff received no response to his letters. Since Plaintiff's lawsuit in 2015 the names of the 4-17 Panel have not been made available to Plaintiff. Plaintiff has interrogatories requesting the names. The official 4-17 list was not made available to the Plaintiff. Plaintiff['s] current complaint is under information and belief by naming the members believed to be on the 4-17 panel until the discovery reveals their name. The names of the 4-17 Panel should be made available to anyone who requests this information. The discovery has just started and the amendments would not burden the defense.

Filing 70 at 3-4.

In short, Ashford argues good cause exists because he has, since 2015, been unable to ascertain the identities of potential defendants. These facts indicate "no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amending pleadings." *Sherman*, 532 F.3d at 718. Further, Ashford previously sued several of the newly proposed parties in a prior case. See *Ashford v. Douglas Cnty.*, No. 8:15CV8, 2016 WL 2746981 (D. Neb. May 9, 2016). Ashford was also apparently aware of the additional proposed parties prior to the October 23, 2020, scheduling deadline because he previously sought leave to amend that very day and included the same parties.[5] See Filing 70-1; *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, No. CIV. 09-1091 JNE JSM, 2010 WL 4193076, at *6 (D. Minn. Oct. 7, 2010)

---

[5] As previously noted, the Court denied Ashford's motion for failure to comply with the Court's local rules.

14

("A party does not meet the good cause standard under Rule 16(b) if the relevant information on which it based the amended claim was available to it earlier in the litigation."). Ashford also failed to seek an amended Case Progression Order to extend his time to add parties or claims. *See Barstad v. Murray Cnty.*, 420 F.3d 880, 883 (8th Cir. 2005) (noting that eight months was "sufficient time . . . to request an amendment to the scheduling order" and "the [plaintiffs] knew of the claims they sought to add when they filed the original complaint"). For these reasons, the Court finds Ashford has not demonstrated "diligence in attempting to meet the [scheduling] order's requirements." *Sherman*, 532 F.3d at 716-17.

Further, it is clear to the Court what is truly going on here. Ashford's lawsuit against Judge Hendrix has been dismissed. Ashford now wants to completely remake this lawsuit into the same lawsuit he previously tried against several other Douglas County judges in *Ashford v. Douglas County*, 8:15-CV-8. Ashford's request to amend here is distinguishable from many cases in which courts allow multiple out-of-time pleading amendments, such as when a party discovers some new information that allows for tweaking of previous claims or adding new claims or parties to reflect findings in discovery. Those are frequently instances where third and fourth amended complaints are allowed. Here, Ashford seeks to completely change his lawsuit to different claims against different parties after his initial claims—those against Judge Hendrix—were rejected by the Court. If Ashford wishes to do this, he must meet the requirements of District of Nebraska local rules and the Federal Rules of Civil Procedure. He does not.

Because Ashford has not demonstrated good cause to amend under Rule 16, further discussion under Rule 15 is not necessary. For these reasons, Ashford's motion is denied to the extent it seeks leave to amend.

### C. Failure to Identify and Serve Unknown Defendants

On July 30, 2020, the Court issued an Order to Show Cause directing Ashford to show cause why he had failed to comply with Federal Rule of Civil Procedure 4(m) by serving the numerous unnamed John and Jane Doe defendants within the ninety days prescribed. Filing 24. Ashford subsequently sought an extension of time to serve these defendants, Filing 30, and the Court granted the motion by allowing Ashford "to identify and serve unknown John and Jane Doe defendants [by] November 16, 2020." Filing 33. Since obtaining this extension, Ashford has sought to amend but has not otherwise identified the unnamed defendants or filed proof of service.

Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

As discussed above, Ashford's request for leave to amend was denied because he has not shown good cause. He has similarly failed to demonstrate good cause for his failure to serve the unnamed Doe defendants despite being given ample time to do so. This case is now over a year old, and the Doe defendants remain unnamed and unserved. For this reason, John Does, 1-100, and Jane Does, 1-100, are dismissed from this case without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Ashford's motion for recusal, denies his motion to amend, and dismisses the unnamed Doe defendants. Accordingly,

IT IS ORDERED:

1. Plaintiff's Motion to Amend (Filing 69) is denied;

2. The Clerk of Court is directed to terminate the pending motions at Filing 74 and Filing 75 because they were incorrectly filed as motions rather than replies;

16

3. Defendants John Does, 1-100, and Jane Does, 1-100, are dismissed from this case without prejudice; and

4. This case shall proceed under the supervision of the magistrate judge.

Dated this 10th day of February, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge