IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TIMOTHY L. ASHFORD, and TIMOTHY L. ASHFORD, PC LLO;

Plaintiffs,

vs.

DOUGLAS COUNTY,

Defendant.

8:20-CV-36

MEMORANDUM AND ORDER

## I.  INTRODUCTION

This case involves a matter where Ashford and his law firm initially sued Douglas County Court Judge Marcina Hendrix, along with the State of Nebraska, Douglas County, and others. Ashford filed this lawsuit after Judge Hendrix reduced Ashford's request for attorneys' fees on a probate matter he was handling and then allegedly filed an ethics complaint against Ashford regarding his conduct in the case. Filing 1 at 9-10, 21. The Court previously dismissed Judge Hendrix and the State of Nebraska after they filed immediate motions to dismiss. Douglas County did not join the motion to dismiss and is now the only remaining defendant. *See* Filing 23. After the dismissal, Ashford has repeatedly tried to amend this lawsuit to include numerous additional defendants, including the Douglas County Public Defender and six Nebraska state court judges; the Court has denied Ashford's repeated motions to amend to add these parties. *See* Filing 68; Filing 76; Filing 84.

This matter comes before the Court on Plaintiffs'[1] Motion for Leave to File Rule 59 and Rule 60 Motion and Brief to Alter or Amend, Filing 94, and Motion for Recusal of the Entire Panel

---

[1] The Court refers to both Timothy L. Ashford and Timothy L. Ashford, PC LLO collectively as either "Plaintiffs" or "Ashford."

1

of Judges in Nebraska. Filing 97. The motions filed by Plaintiffs include a fourth motion for recusal on the same grounds previously brought and rejected by the Court. Plaintiffs also file a motion that the Court generously construes to be a motion to reconsider a decision made by this Court nearly a year ago.

Plaintiffs filed their motions after this Court "require[d] Plaintiffs to seek leave to file any subsequent motion pertaining to amendment or recusal" after Plaintiffs continually made repetitive motions. Filing 84 at 1-2. The Court required that to obtain leave, "Plaintiffs must plausibly articulate to the Court that the Rule 60(b) standard is met" because the Court had already (repeatedly) ruled on recusal and amendment.[2] Filing 84 at 1-2.

Plaintiffs' present motions do not meet the Rule 60(b) standard. Further, Plaintiffs moved for recusal for a fourth time without seeking leave, which is directly contrary to this Court's prior order. The merits of the motions made by Plaintiffs have already been repeatedly ruled upon and rejected by this Court. As discussed below, the Court denies both motions.

## II. DISCUSSION

In support of Plaintiffs' motion, Plaintiffs represent to this court that the Rule 60(b) standard is met because of fraud, misrepresentation, and misconduct. Filing 95. Plaintiffs' motions have no merit and are denied.

### A. Recusal

Plaintiffs file a fourth motion to recuse the undersigned judge and "the entire panel of the United States District Court for the District of Nebraska." Filing 94. Ashford previously filed this same motion and made the same arguments. *See* Filing 54 (recusal motion); Filing 55 (brief

---

[2] A motion for reconsideration of a nonfinal order should be construed as a Rule 60(b) motion. *Broadway v. Norris,* 193 F.3d 987, 989 (8th Cir. 1999).

supporting recusal motion); Filing 70 (brief seeking recusal); Filing 82 (motion seeking reconsideration of denial of motion for recusal).

In violation of this Court's prior order, Ashford filed a fourth motion for recusal making no new arguments and offering no new evidence in support of recusal. Indeed, Ashford admits to filing the same recusal motion previously filed when he states that he filed "a shortened version of the previous motion." Filing 98 at 11. As such, the Court stands by and incorporates its prior orders denying Plaintiffs' motion for recusal.

### B. Rule 60(b) Relief from a Final Order Based on Judicial Immunity and Fraud

Plaintiffs filed a motion asking the Court to alter or amend its prior orders based on both disagreement with this Court's ruling on judicial immunity and alleged fraud perpetrated by Judge Hendrix and the Office for Discipline. *See* Filing 95. Plaintiffs' motion has no merit and is denied.

Plaintiffs first argue the Court should allow them to amend the Complaint because judicial immunity does not apply. Filing 95 at 1-3, 10-15. Plaintiffs next allege former defendant Hendrix committed fraud and also rehash the same arguments about Judge Hendrix previously addressed by the Court. Filing 95 at 4-10. Finally, Plaintiffs argue the Office for Discipline committed fraud. Filing 95 at 7-10, 15-18. The Court first examines Plaintiffs' judicial immunity argument under Rule 60(b)(6) before addressing Rule 60(b)(3)'s application to the allegations of fraud against Judge Hendrix and the Office for Discipline.

*1. Judicial Immunity*

Plaintiffs argue the Court should grant leave to amend because, contrary to the Court's prior finding, judicial immunity is inapplicable to the present case, particularly as it relates to former defendant Hendrix. Filing 95 at 1-3, 10-15. Under Fed. R. Civ. P. 60(b)(6), the Court may reconsider its prior order on judicial immunity and relieve Plaintiffs from that order if there is a

"reason that justifies relief." "Under Rule 60(b)(6), relief is only available 'where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress.'" *Holmes v. United States*, 898 F.3d 785, 792 (8th Cir. 2018) (quoting *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005)).

Exceptional circumstances are not present here. Plaintiffs have previously addressed judicial immunity numerous times, and the Court has ruled on that argument multiple times. *See, e.g.,* Filing 23; Filing 48. The Court is unpersuaded by Plaintiffs' argument that judicial immunity is inapplicable when a judge does not use official letterhead to file a judicial complaint. *See* Filing 95 at 3-10. As previously noted,

> [T]he Neb. Rev. Code of Judicial Conduct notes that "[t]aking action to address known misconduct is a judge's obligation." § 5-302.15, cmt 1. Submitting a bar complaint is an "action to address known misconduct" and such activity is therefore within the scope of Hendrix's employment as a judicial officer.
>
> . . .
>
> [J]udicial immunity applies "in all but two narrow sets of circumstances." *Id.* (quoting *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (quoting *Schottel*, 687 F.3d at 373). As discussed in the preceding section, Hendrix's alleged actions of signing orders and submitting a bar complaint, both related to a pending guardianship case, were undertaken within the scope of her judicial capacity. And, Ashford does not argue and the Court does not see any reason Hendrix's actions were taken without jurisdiction. *See* Neb. Rev. Stat. § 24-517 (noting that Nebraska county courts have "[e]xclusive original jurisdiction in all matters relating to the guardianship of a person").

The Court reaffirms its prior rulings on this matter and will not allow leave to amend on this basis.

2. *Former Defendant Hendrix's Alleged Fraud*

Plaintiffs next argue former defendant Hendrix committed fraud and reassert the same arguments about Judge Hendrix previously addressed by the Court. Filing 95 at 4-10. Specifically,

4

Plaintiffs posit that Judge Hendrix "mailed only one out of the seven orders ($8,265) in PR 14 1483 as an anonymous bar complaint, without writing a detailed letter of complaint or sending the other six previous orders in the amount of $8,641.57 to the Office for Counsel for Discipline." Filing 95 at 2. Plaintiffs argue that sending only one of seven orders equates to fraud. Filing 95 at 4. Plaintiffs also allege Judge Hendrix's failure to submit a grievance on official judicial letterhead is fraud. Filing 95 at 4. Plaintiffs reiterate these allegedly fraudulent actions throughout their brief and note that Judge Hendrix "is not an honest judge abiding by the rules of judicial conduct." Filing 95 at 6.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) "It is within the trial court's discretion to determine whether the Rule 60(b)(3) test has been met." *E.F. Hutton & Co. v. Berns*, 757 F.2d 215, 217 (8th Cir. 1985). Pursuant to Fed. R. Civ. P. 60(b)(3), the Court may reconsider its prior order denying leave to amend and relieve Plaintiffs from that order if fraud was perpetrated by an opposing party. In order to succeed on their Rule 60(b)(3) motion, Plaintiffs must show, "with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented [Plaintiffs] from fully and fairly presenting [their] case." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 935 (8th Cir. 2006).

As an initial matter, Plaintiffs' claims of fraud against Judge Hendrix are the same fraud claims alleged in the Complaint. *See* Filing 1 at 29-30. This alleged fraud was known to Plaintiffs prior to their filing of this lawsuit and did not prevent them from presenting their case. *See Metro. St. Louis Sewer Dist.*, 440 F.3d at 936 (affirming district court's denial of a Rule 60(b)(3) motion because the undisclosed evidence serving as the basis for the fraud claim was within the movant's

possession the entire time). Because Plaintiffs knew of the alleged facts underlying their claims of fraud against Judge Hendrix prior to the time of filing, such alleged facts are not "newly discovered" and cannot be the basis for reconsideration of the Court's rulings on those fraud allegations.

Further, to amend and plead fraud, Plaintiffs must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This means that "the complaint must set forth the 'who, what, when, where, and how' surrounding the alleged fraud.'" *E-Shops Corp. v. U.S. Bank Nat. Ass'n*, 678 F.3d 659, 663 (8th Cir. 2012) (quoting *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006)). Conclusory allegations of fraud and deception are insufficient. *Id.*

Plaintiffs fail to adequately allege fraud. Further, the contention that a county court judge submitting one order instead of seven or allegedly submitting a grievance against Ashford to the Council for Discipline without certain letterhead somehow equates to fraud is nonsensical.

    3. *Office for Discipline's Alleged Fraud*

As their final basis for reconsideration and leave to amend, Plaintiffs argue the Office for Discipline committed fraud. Filing 95 at 7-10, 15-18. Specifically, Plaintiffs allege the Office for Discipline "violated their rules and procedures" and "covered up" the allegedly fraudulent actions of Judge Hendrix by failing to turn over Judge Hendrix's alleged bar complaint against Ashford to Plaintiffs. Filing 95 at 6-9.

Plaintiffs base their fraud claims against the Office for Discipline on a February 5, 2021, letter in which the Office for Discipline "refuse[d] to release to Plaintiff . . . any and all documents of any written letters of complaint" because the letter is confidential under Nebraska statute. Filing

95 at 7-8. Plaintiffs filed their most recent motion to amend on December 15, 2020, *see* Filing 69, and the Court denied the motion on February 10, 2021. *See* Filing 76.

As previously set forth, Plaintiffs must show, "with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented [Plaintiffs] from fully and fairly presenting [their] case." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 935. Under Rule 60(b), reconsideration motions are to correct manifest errors of law or to present newly discovered evidence. *Arnold*, 627 F.3d at 721. Reconsideration motions are also "not to be used to 'introduce new evidence that could have been adduced during pendency' of the motion at issue." *Id.* (quoting *Hagerman*, 839 F.2d at 414).

As the Court previously noted, Plaintiffs' lawsuit against Judge Hendrix has been dismissed. The allegations against the Office for Discipline fail as a matter of law. Plaintiffs have failed to plausibly articulate fraud, and the Court denies reconsideration and leave to amend related to the Office for Discipline.

### C. Progression of this Case

Upon review of the docket, the Court notes that this case has now been pending nearly a year-and-a-half, since January 1, 2020. *See* Filing 1. In a timely manner after the filing of the Complaint, former defendants State of Nebraska and Judge Hendrix filed a dispositive motion, while defendant Douglas County filed an answer. Filing 11 (Douglas County's Answer), Filing 19 (State of Nebraska's and Judge Hendrix's Motion to Dismiss). The Court granted the dispositive motion and dismissed both the State of Nebraska and Judge Hendrix as parties for numerous legal reasons on July 30, 2020. Filing 23.

In reviewing the Court's July 30, 2020, order, the Court does not see how this Court could do anything but seriously consider a dispositive motion filed by Douglas County if the Court were

to rule consistently with the legal analysis in its July 30, 2020, order and subsequent rulings. Indeed, the Magistrate Judge made several inquiries as to why an immediate dispositive motion was not appropriate at a hearing on this matter on September 21, 2020.[3] The Magistrate Judge even expressed confusion as to the explanation provided by Mr. Dolan in response to such inquiry after the Magistrate Judge noted that he had reviewed the docket. Filing 104.

Since the July 30, 2020, the Court has ruled upon no less than ten substantive motions filed by Plaintiffs; those motions, their supporting briefs and evidence, and response and reply briefs total approximately 750 pages. Along with this order, the undersigned has issued almost forty pages in orders and has spent considerable time responding to many baseless and repetitive filings. Some of these filings have disparaged the Court and certain state and federal court judges with no substantive response from Douglas County.

Ashford, in making the same motions over and over, obviously would like to appeal this Court's rulings. Ashford of course is not able to appeal this Court's rulings until Douglas County takes action to dispose of the claims against it. The Court refers this matter to the Magistrate Judge for an immediate and concise case progression to prepare this case for a dispositive motion.

### III. CONCLUSION

The Court need not recuse itself and denies Plaintiffs' motion requesting recusal. Additionally, because Plaintiffs have neither satisfied the Rule 60(b) standard nor plausibly articulated additional claims, Plaintiffs' motion for reconsideration and leave to amend is denied in its entirety.

---

[3] The recorded audio file of the September 21, 2020 hearing has been included in the docket as Filing 104.

Accordingly,

IT IS ORDERED:

1. Plaintiffs' Motion for Leave to File Rule 59 and Rule 60 Motion and Brief to Alter or Amend, [Filing 94](), is denied;

2. Plaintiffs' Motion for Recusal of the Entire Panel of Judges in Nebraska, [Filing 97](), is denied;

3. This matter is referred to the Magistrate Judge for case progression.

Dated this 15th day of July, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge