IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY L. ASHFORD, and TIMOTHY L. ASHFORD, PC LLO,<br><br>    Plaintiffs,<br><br>vs.<br><br>DOUGLAS COUNTY, et al.,<br><br>    Defendants. | 8:20-CV-36<br><br>MEMORANDUM AND ORDER |

Timothy L. Ashford and Timothy L. Ashford, PC LLO[1] have filed another motion for leave to file an amended complaint. Filing 112. The proposed amended complaint would add three new defendants, a claim to recover "upon information and belief" an "amount in excess of $400 for various work performed by Plaintiff," a claim alleging Defendants engaged in racial discrimination when selecting attorneys available for appointment in murder cases, and previously dismissed claims against the State of Nebraska, Judge Marcena Hendrix, and Jane and John Doe defendants. Filing 112-1. The case has been pending for over 20 months. Filing 1. For the reasons stated below, the motion will be denied.

## I. PROCEDURAL HISTORY

Although outlined in prior orders, the history of this case is highly relevant to the pending motion and bears repeating.

Plaintiffs' initial complaint, filed on January 21, 2020, named Marcena Hendrix, a Douglas County District Court Judge, in both her official and individual capacities, the State of

---

[1] The Court refers to Timothy L. Ashford and Timothy L. Ashford, PC LLO collectively as "Plaintiffs," and to Plaintiff Timothy Ashford as "Ashford."

Nebraska, their agents and/or employees, Douglas County, Nebraska, and John Does 1-1000 and Jane Does, 1-1000 as defendants. The initial complaint alleges:

- Ashford is a duly licensed lawyer with substantial criminal litigation experience.

- In 2014, Ashford represented a Black Panther member, "Mondo," formerly known as David L. Rice. Filing 1 at 7, ¶10.

- On March 7, 2014, his article titled "Is the Douglas County Court System Racist?" was published in the Omaha Star. Filing 1 at 6-7, ¶ 8.

- On January 12, 2015, Ashford sued the Douglas County judges, claiming that due to racial discrimination, the Douglas County panel selection committee (hereafter Panel Selection Committee) does not appoint black attorneys to represent indigent defendants in murder cases (hereafter the Murder Panel). Filing 1 at 6, ¶ 6. (*See Ashford et al v. Douglas County et al*, 8:15-cv-00008-JMG-SMB (D.C. Neb)).

- On September 22, 2015, Douglas County District Court Judge James T. Gleason held that Mondo's postconviction proceeding was frivolous, and he did not approve Ashford's request for payment of attorney fees for Mondo's representation in that proceeding. Judge Gleason's order noted that Plaintiffs had filed a federal lawsuit against him. The order denying Ashford's request for attorney fees was reversed on appeal in 2016. Filing 1 at 7-8, ¶¶ 10-12.

- On September 29, 2016, Douglas County District Judge Marcena Hendrix arbitrarily and capriciously entered an order reducing Ashford's attorney fees incurred in a guardianship case. Judge Hendrix held the fees requested were unsupported by the evidence and ordered Plaintiffs to reimburse the ward's estate in the amount of $8,265.00. Plaintiff claims caucasian attorneys performing similar guardianship work were allowed to charge more and retain those fees. Filing 1 at 8-11, 14 ¶¶ 13-19, 36.

- On October 3, 2016, Ashford received notice of a disciplinary complaint filed against him concerning the attorney fees he charged in the guardianship case. Judge Hendrix, the complainant, had deceived Counsel for Discipline by failing to fully disclose the relevant facts and docketed orders. After the disciplinary complaint was filed, Ashford moved for Judge Hendrix's recusal in the underlying guardianship action. The motion was denied. Filing 1 at 12-16, ¶¶ 27-53.

- In April of 2019, Ashford filed two supersedeas bonds in the guardianship action. He moved for return of one of the bonds paid. Judge Hendrix abused

2

      her discretion by failing and refusing to sign an order releasing the duplicate supersedeas bond. Filing 1 at 17-18, ¶¶ 54-63.

- Judge Hendrix's rulings reducing Ashford's fee payment and refusing to release the duplicate supersedeas bond, and her filing of a disciplinary complaint which deceptively concealed material facts, were done in retaliation for Plaintiffs' 2015 lawsuit against the Douglas County District Judges. Defendants thereby violated Plaintiffs' due process, equal protection, and First Amendment rights secured under the United States and Nebraska Constitution, and they engaged in racial discrimination, retaliated against Plaintiffs for exercising their right to freedom of speech, and prohibited their right to make and enforce contracts. Plaintiffs seek damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, and 42 U.S.C. § 1983, and under Nebraska's Political Subdivision Tort Claims Act (PSTCA), Neb. Rev. Stat. §13-901, and State Tort Claims Act (STCA), § 81-8,213.

    Douglas County filed an Answer, asking this Court to abstain because the same lawsuit is pending in the District Court of Douglas County, Nebraska, and Plaintiffs have not and cannot assert a claim against Douglas County. Filing 11. Plaintiffs moved to strike the County's Answer under Fed. R. Civ. P. 12(f). That motion was denied on March 9, 2020. Filing 22.

    Marcena Hendrix, in both her official and individual capacities, and the State of Nebraska moved to dismiss. Filing 19. That motion was granted on July 30, 2020. Filing 23.

    Plaintiffs moved for interlocutory appeal of the order dismissing the State of Nebraska and Judge Hendrix. Filing 29. The Court denied the request for interlocutory appeal on October 22, 2020, "[b]ecause (1) no 'substantial ground for difference of opinion' can exist after application of well-settled case law to the facts of this case as pled and (2) certification will not 'materially advance the ultimate termination of the litigation.'" Filing 48 at 5 (quoting *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994)).

    While the motion for interlocutory appeal was pending, the Court entered a case progression order. Filing 45. This order set an October 23, 2020 deadline for Plaintiffs to file any motion to amend or to add parties. Plaintiffs timely moved to amend on October 23, 2020. The

proposed amended complaint, Filing 50-1, included the allegations within the complaint dismissed for lack of standing in *Ashford et al v. Douglas County et al*, 8:15-cv-00008-JMG-SMB, Filing 31 (Second Amended Complaint). The proposed amended complaint:

- Alleged Ashford should be named as the representative of the class of "black attorneys who have been denied their right by the Defendants to represent indigent defendants in a murder trials," Filing 50-1 at 13, ¶ 54;

- No longer named Judge Hendrix as a defendant, but it named her in the body of the complaint and included allegations against her, Filing 50-1 at 16-17;

- Named the previously dismissed State of Nebraska as a defendant, Filing 50-1 at 6;

- Explained that under Fourth Judicial District Local Rule 4-17 (Local Rule 4-17), applications for selection to the Douglas County panel of attorneys to represent indigent criminal defendants (DC Panel) are submitted to the Douglas County District Court Administrator, and those applications are then reviewed by Panel Selection Committee which meets to decide whether each applicant is eligible to join the panel;

- Added members of the Panel Selection Committee as named defendants, including Douglas County District Judges W. Russell Bowie, Horacio Wheelock, James T. Gleason, Timothy Burns, Derick Vaughn, Craig McDermott, Douglas County Public Defender Thomas Riley, and John or Jane Doe attorney committee members.

- Alleged Ashford applied for placement on the DC Panel every year since it was created;

- Alleged Ashford "has been assigned cases in the middle level of the court appointments" rather than the Murder Panel, which has decreased his earnings, Filing 50-1 at 8, ¶ 29; and

- Alleged Defendants will not include black attorneys on the Murder Panel and will not appoint black attorneys to represent indigent defendants in murder trials, Filing 50-1 at 11-12, ¶ 48.

In other words, the proposed amended complaint changed the fundamental basis of the lawsuit by alleging new theories of recovery against new defendants. But the brief supporting the motion did not discuss the substance of these proposed changes or the law supporting the new

4

claims, and it did not state whether the motion was opposed. Due to this "complete failure to follow the Court's local rules," the motion to amend was denied on December 7, 2020. Filing 68 at 6 (citing NECivR 15.1(a)). The Court's order also denied the first in a series of Plaintiffs' motions requesting recusal of all judges for the United States District Court for the District of Nebraska. Filing 54, Filing 56 (both dated November 1, 2020).

On December 15, 2020, (eight days after the motion to amend was denied), Plaintiffs again moved to amend and add parties and for recusal. Filing 69. The supporting brief stated the motion to amend was opposed. Filing 70 at 3. The proposed amended complaint was identical to the previous proposed amended complaint with three exceptions: the citation to the STCA was removed, Filing 70-1 at 2, ¶ 1; Judge Hendrix was referred to as the "dismissed defendant judge" instead of by name, Filing 70-1 at 18, ¶ 67; and the Jane and John Does were sued in both their individual and official capacities, Filing 70-1 at 6, ¶¶ 20-21.

Plaintiffs' motion to amend was denied on February 10, 2021 because Plaintiffs' renewed motion was filed after the October 23, 2020 deadline set in the Court's case progression order, and Plaintiffs failed to demonstrate good cause to allow an amendment out of time as required under Rule 16. Fed. R. Civ. P. 16(b)(4) (stating a case management order "may be modified only for good cause and with the judge's consent"). *See also Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008); *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006). The order also dismissed all unnamed defendants, explaining that Plaintiffs had been afforded 90 days to show cause why the unnamed defendants should not be dismissed, but they failed to respond to the show cause order. Finally, after providing a thorough history of the repeated motions to recuse, Plaintiffs' motion to recuse was again denied. Filing 76.

5

On March 8, 2021, Plaintiffs filed a "Motion In Support of Rule 59 and Rule 60 Brief for Plaintiff's Motion for Leave to Alter or Amend and Recusal." Filing 82. The supporting brief rehashes arguments for leave to amend and for recusal, all of which were previously addressed and rejected by this Court. Filing 82-1. The motion was denied on March 12, 2021. Filing 84. The Court held, "Plaintiffs must seek leave to file any subsequent motion pertaining to amendment or recusal, and such leave will be granted only if Plaintiffs plausibly articulate that the Rule 60(b) standard is met." Filing 84 at 2.

On April 28, 2021, Plaintiff filed a motion for leave to file a motion to amend Filing 94, and a motion for "recusal of the entire panel of the United States District Court for the District of Nebraska" Filing 97. The Court denied the motions on July 15, 2021. After summarizing Plaintiffs' litigious history in the state and federal courts, the Court stated:

> Since the July 30, 2020, the Court has ruled upon no less than ten substantive motions filed by Plaintiffs; those motions, their supporting briefs and evidence, and response and reply briefs total approximately 750 pages. Along with this order, the undersigned has issued almost forty pages in orders and has spent considerable time responding to many baseless and repetitive filings. Some of these filings have disparaged the Court and certain state and federal court judges with no substantive response from Douglas County.

Filing 105 at 8.[2] Applying the federal rules and controlling case law, the Court concluded:

---

[2] As the procedural history of this case indicates, Ashford has filed multiple and duplicate filings, and as a result, the Court has expended substantial judicial resources to repeatedly address the same issues. While Douglas County has not requested sanctions, a district court need not wait for such a motion to consider whether sanctions are warranted. The Court "may, in its sound discretion, impose sanctions *sua sponte* as long as it provides the attorney with notice regarding the sanctionable conduct and an opportunity to be heard." *Jolly Group, Ltd. v. Medline Industries, Inc.*, 435 F.3d 717, 720 (7th Cir. 2006). Attempts to delay proceedings by repeatedly filing motions on issues that have already been decided is sanctionable conduct which justifies imposing sanctions against the attorney pursuant to federal statutes, (*see e.g.*, 28 U.S.C. 1927), federal rules, local rules, or the inherent power of the court to regulate its docket and the conduct of attorneys who appear before it. Further duplicative and frivolous filings will result in an order requiring Ashford to show cause why sanctions should not be imposed.

> The Court need not recuse itself and denies Plaintiffs' motion requesting recusal. Additionally, because Plaintiffs have neither satisfied the Rule 60(b) standard nor plausibly articulated additional claims, Plaintiffs' motion for reconsideration and leave to amend is denied in its entirety.

Filing 105 at 8.

A telephonic conference to address the case progression deadlines was held on July 20, 2021. Ashford and counsel for Douglas County attended the hearing. At the outset, Ashford argued he needed to amend the complaint to remove the dismissed claims against the State of Nebraska and Judge Hendrix. He was instructed that an amendment for that purpose only was unnecessary, that the Court would recognize those claims as dismissed, and only the remaining claims in the initial complaint would be litigated. Ashford then stated he needed to amend to add a payment claim. Defense counsel asked for some insight on the payment dispute allegations that may be added to the case. Ashford stated he could not provide any further detail until he looked more thoroughly at his records. Filing 108 (audio file). The Court set August 7, 2021 as Ashford's deadline for filing his anticipated motion to amend the complaint. Filing 107.

Plaintiffs moved to amend the complaint. Filing 112. Rather than adding only a disputed payment claim to the initial complaint, Plaintiffs proposed amended complaint is an amalgamation of the initial complaint, Filing 1, and the previously rejected proposed amended complaints, Filing 50-1 and Filing 70-1, with new defendants added. The proposed amended complaint currently before the Court, Filing 112-1:

- Realleges the previously dismissed claims against Judge Hendrix, the State of Nebraska, and the Doe defendants, Filing 112-1 at 13-24, ¶¶ 13-63;
- Seeks to add Thomas Riley, Douglas H. Johnson, and Daniel Esch, in their official and individual capacities, as defendants, alleging Thomas Riley was on the Panel Selection Committee; Douglas Johnson (the Douglas County Court

- Administrator) received the panel applications and administered the funds paid to Plaintiffs, and Daniel Esch dispersed the funds, Filing 112-1 at 6, 8, ¶¶ 15, 25-27;

    - Claims the defendants have participated in a "continuing, widespread, and persistent pattern of unconstitutional misconduct of banning the Plaintiff and black attorneys from the Douglas County Murder Panel," Filing 112-1 at 28, ¶ 83;

    - Alleges Riley and Johnson were government officials and policymakers; were aware Plaintiff and no blacks were appointed to the Murder Panel but did nothing to change the policy; and by their inaction, perpetuated or condoned a custom and practice of racial discrimination in panel attorney selection, Filing 112-1 at 31-32, ¶¶ 100-101; and

    - Requests damages, including payment of sums of money withheld for work done on cases and compensation for being paid less money because Plaintiff was denied placement on the Murder Panel, Filing 112-1 at 49, ¶ 180;

        - As to withheld payments for work performed, Plaintiffs' sole allegations are that "[u]pon information and belief Plaintiff has not received compensation for some of the work Plaintiff performed for Douglas County;" and "[u]pon information and belief, Defendant has refused payment to Plaintiff in the amount in excess of $400 for various work performed by Plaintiff," Filing 112-1 at 29, 49, ¶¶ 94, 181; and

        - As to overall lost earnings, Plaintiffs allege they were harmed financially when Defendants denied Ashford's request for placement on the Murder Panel "which would be a higher pay." Filing 112-1 at 29, ¶ 90.

## II. ANALYSIS

Upon review of the Plaintiffs' pending motion and related filings, the Court finds: 1) Plaintiffs have again failed to comply with the Court's local rules applicable to such motions; 2) have failed to show good cause for amending the complaint beyond the deadline set in the Court's progression order; and 3) even assuming Rule 15 rather than Rule 16 applies to the current motion, the motion will be denied due to Plaintiffs' delay, dilatory motive, bad faith, and the resulting prejudice to Defendant Douglas County and misuse of limited court resources.

### A. Noncompliance with Nebraska Civil Rule 15.1(a)

The Court finds no reference within Plaintiffs' motion to amend and supporting brief indicating Plaintiffs communicated or attempted to communicate with opposing counsel regarding his position on the pending motion. Under Nebraska Civil Rule 15.1(a), a motion for leave to amend must "state whether the motion is unopposed or opposed, after conferring with opposing parties." NECivR 15.1(a). Not only is this rule clear and unambiguous, but in a prior order in this case, Plaintiffs' failure to comply with Rule 15(a) was a stated basis for denying their motion to amend. *See* Filing 68.

This Court's local rules have a purpose. Nebraska Civil Rule 15.1(a) is a long-standing rule of this Court which serves to avoid unnecessary motion practice and delayed case progression. Here, that purpose was especially important: During the call on July 20, 2021, Defense counsel asked Ashford to contact him regarding the payment dispute, and that discussion would have allowed the County to potentially address and resolve the payment dispute claim, thereby eliminating any need to amend the pleadings. From the record before the Court, that phone call never occurred.

This Court's local rules are rules, not suggestions. Plaintiffs' failure to comply with those rules, in and of itself, justifies denial of their motion to amend.

### B. Leave to Amend under Federal Rules of Civil Procedure 15(a)(2) and 16

In addition, and as an alternative basis for denial, the Court finds Plaintiffs' motion must be denied under Rules 15(a)(2) and 16(b)(4).

  1. *Rule 16(b)(4)*

The Court's case progression order set an October 23, 2020 deadline for moving to amend the pleadings. Filing 45. Pursuant to Rule 16(b)(4), this deadline "may be modified only

9

for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only after the movant makes a showing of due diligence. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008); *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006).

Here, Plaintiffs request leave to add three Douglas County employees as named defendants; Thomas Riley, Douglas H. Johnson, and Daniel Esch. In an attempt to show due diligence, Plaintiffs explain:

> The reason the Defendant could not name the panel members in the initial complaint is the Defendants, after repeated request, refused to give the Plaintiff the names of the panel members to be named in this lawsuit prior to February 12, 2021. In fact, the names of the panel members in this lawsuit was provided to Plaintiff for the first time in a state court hearing held on February 12, 2021.

Filing 116 at 1. There are several problems with Plaintiffs' argument.

Of the three defendants Plaintiffs seek to add, only one—Thomas Riley—is a committee member, and Plaintiffs had sued him in 2015 for his role on the Panel Selection Committee and the committee's alleged failure to select black attorneys for placement on the Murder Panel. *Ashford, et al. v. Douglas County, et al.*, 8:15CV8, Filing 4. Plaintiffs had no reason to suspect Thomas Riley had been replaced on the committee between 2015 and the filing of this lawsuit. Local Rule 4-17 states that the Douglas County Public Defender is a Panel Selection Committee member, (R. 4-17(F)(2)), the Douglas County Public Defender is selected by public election, and based on public records, Thomas Riley has held that position since 1995. *See* https://publicdefender.douglascounty-ne.gov/. Plaintiffs' own filings in this lawsuit prove they knew Thomas Riley was a Panel Selection Committee member long before the February 12,

10

2021 disclosure they currently reference. Their motion to amend filed on October 23, 2020 requested leave to name Thomas Riley as a defendant. Finally, even if the Court overlooks the implausible explanation in Plaintiffs' briefing and assumes Plaintiffs did not know Thomas Riley was a Panel Selection Committee member when this case was filed, Plaintiffs have provided no explanation for waiting nearly six months after the February 12, 2021 disclosure to file a motion to name additional defendants. Based on the evidence before the Court, Plaintiffs cannot show due diligence in failing to name Thomas Riley as a defendant in the initial complaint.

For similar reasons, Plaintiffs cannot show due diligence in failing to name the Douglas County Court Administrator, Douglas H. Johnson, at the outset of the lawsuit. Local Rule 4-17 states that "[t]o be considered for appointment to the DC Panel, a private attorney shall complete the form entitled 'Request to Be Added to Douglas County Court-Appointment List' and shall file it with the Douglas County District Court Administrator's Office." R. 4-17 (H). This rule became effective on April 1, 2015, before this lawsuit was filed. In their 2015 lawsuit, Plaintiffs named Douglas H. Johnson for his alleged role in creating a Murder Panel with no black lawyers, (*Ashford, et al. v. Douglas County, et al*., 8:15CV8, [Filing 4](#)), and the identity of the Douglas County District Court Administrator is posted as public information on that court's website. https://www.dc4dc.com/2-administration/administration.

Finally, public records reveal Douglas Esch is the Douglas County Clerk/Comptroller, (*see* https://www.douglascountyclerk.org/financialreport), and based on reports filed on that website, he has held that position by public election since 2015. Mr. Esch's identity and responsibilities were a matter of public knowledge when this lawsuit was filed.

Plaintiffs' proposed amended complaint alleges that blacks are not selected to serve on the Murder Panel, and the attorneys on that panel (all Caucasian) make more money than those

11

who, like Ashford, are on only the non-murder panel. Plaintiffs' 2015 lawsuit in this Court similarly focused on alleged racial discrimination in selecting attorneys to serve on the Murder Panel. That case was dismissed without prejudice on February 18, 2018 because Ashford had not alleged an injury in fact sufficient to establish standing.[3] *Ashford v. Douglas Cty.,* 880 F.3d 990 (8th Cir. 2018). Specifically, the Eighth Circuit noted that the Panel Selection Committee meets annually, and Plaintiffs did not allege that that the Panel Selection Committee met, considered, and denied Ashford's application to serve on the Murder Panel. Yet, when Plaintiffs filed this lawsuit two years later, they did not allege a claim for discriminatory selection of attorneys to serve on the Murder Panel in their initial complaint, and they have offered no explanation for failing to do so. Since Plaintiffs cannot plausibly claim that such allegations were unknown when the initial complaint was filed, Plaintiffs cannot show that despite their exercise of due diligence, they could not have raised the claims for discriminatory selection of Murder Panel attorneys in the initial complaint or, at the latest, by the October 23, 2020 case progression deadline for moving to amend the complaint.

Ashford told the Court during the July 20, 2021 hearing that he needed to amend the complaint to add a payment dispute. This payment dispute issue is ostensibly alleged in only the following three sentences within the 54-page proposed amended complaint: "Upon information and belief Plaintiff has not received compensation for some of the work Plaintiff performed for Douglas County," "Defendant Douglas County Clerk Daniel Esch issues the payment on behalf of the Defendant Douglas County," and "Upon information and belief, Defendant has refused payment to Plaintiff in the amount in excess of $400 for various work performed by Plaintiff." Filing 112-1 at 29, 32, ¶¶94, 102-03). Applying the federal procedural rules, these three vague

---

[3] Douglas Johnson was dismissed voluntarily and without prejudice before the case was appealed to the Eighth Circuit. *Ashford, et al. v. Douglas County, et al.*, 8:15CV8, Filing 15, Filing 17).

and conclusory sentences fail to provide adequate notice of the basis of Plaintiffs' claims and fail to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). And even if the Court assumes these sentences state a claim, the allegations do not state that the payment dispute arose after the deadline for moving to amend the pleadings, and Plaintiffs have not otherwise explained why this claim was not raised either at the outset of the case, or by a motion to amend filed on or before October 23, 2020. Plaintiffs have failed to show that despite the exercise of due diligence, the payment dispute claim could not be raised prior to the deadline for moving to amend the pleadings.

Finally, Plaintiffs' proposed complaint realleges claims against Judge Hendrix, the State of Nebraska, and the John and Jane Does. Those claims were previously dismissed on the merits. As the magistrate judge explained to Ashford during the hearing held on July 20, 2021, Plaintiffs did not need to file an amended complaint for the sole purpose of removing claims dismissed by the Court's prior orders. That instruction did not authorize Plaintiffs to include dismissed claims in their later-proposed amended complaint. Irrespective of any attempt to reassert such claims in an amended complaint, Plaintiffs' claims against the dismissed defendants remain dismissed.

For all the foregoing reasons, the Court finds Plaintiffs have not proved they acted with due diligence in raising the additional claims and naming the additional defendants in their proposed amended complaint. As such, they cannot show good cause for extending the case progression deadline. The motion to amend the complaint will be denied under Fed. R. Civ. P. 16(b)(4).

    2.    *Rule 15(a)(2)*

Plaintiffs claim that following the call on July 20, 2021, the deadline within the case progression order was extended to August 7, 2021, and therefore their motion was timely filed

13

and leave to amend must granted under Rule 15(a)(2) of the Federal Rules of Civil Procedure. The Court's order, Filing 110, did not intend to move the October 23, 2020 pleading amendment deadline, but rather to set a deadline for moving to amend to add the payment dispute claim upon the good cause showing required under Rule 16(b)(4).

But even assuming Rule 15 applies, Plaintiffs' motion to amend will be denied. While leave to amend "shall be freely given when justice so requires," leave will not be granted when the record reveals undue delay, bad faith, dilatory motive, repeated failure to cure pleading deficiencies, futility of the amendment, or undue prejudice to the opposing party if the amendment is granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Plaintiffs advised the Court that an additional claim arising from a payment dispute needed to be added to the complaint, prompting the Court to set a deadline for moving to add that claim. But that stated reason was a stalking horse. Contrary to Plaintiffs' explanation for needing to amend, Plaintiffs' proposed amended complaint added only three vague sentences to purportedly, but unsuccessfully, allege a payment dispute claim, and it couched those three sentences within 54 pages of allegations that purport to resurrect previously dismissed claims and to add claims that the Court previously disallowed. Based on the record, Ashford's statement that a previously unalleged payment dispute existed and should be added to this lawsuit was false, motivated by a desire to delay the outcome of this case, and a mere subterfuge for attempting to undermine this Court's prior rulings.

The Murder Panel claims within the proposed amended complaint were the gravamen of the 2015 litigation in this Court, and they could have been raised in this lawsuit from the outset. But Plaintiffs did not raise the Murder Panel allegations in this case until their claims against Judge Hendrix and the State of Nebraska—the primary allegations within the initial complaint—

14

were dismissed. In response to that ruling, Plaintiffs attempted to wholly rewrite their lawsuit in this forum, with no advance notice to the County, and without briefing the legal issues raised in their attempted redraft of this lawsuit against different defendants.

This lawsuit has been pending for 20 months. Depositions must be completed by October 20, 2021, and dispositive motions must be filed by November 22, 2021. Allowing Plaintiffs to file their proposed amended complaint would effectively reward Plaintiffs for their dilatory conduct and misleading statements, and it would require the Court to start this case anew, thereby prejudicing the defendants, delaying final judgment, and further consuming limited court resources.

Applying either Rule 16 or Rule 15, the motion for leave to amend will be denied.

Accordingly,

IT IS ORDERED that Plaintiff's motion for leave to amend, Filing 112, is denied.

Dated this 9th day of September, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge