IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY L. ASHFORD, and TIMOTHY L. ASHFORD, PC LLO,<br><br>Plaintiffs,<br><br>vs.<br><br>DOUGLAS COUNTY,<br><br>Defendant. | 8:20CV36<br><br>ORDER |

The parties in this case notified the court of a discovery dispute regarding Defendants' answers and objections to discovery requests, and a potential request to extend expert disclosure deadlines. A conference was set for October 7, 2021. The County provided the following summary of the dispute prior to the conference:

> On August 19, 2021, Douglas County Served its Answers to Plaintiffs' First Set of Interrogatories, Plaintiffs' Second Set of Interrogatories, Plaintiffs' First Set of Requests for Production of Documents, and Plaintiffs' First Set of Requests for Admissions. On September 20, 2021, Douglas County Served its Answers to Plaintiffs' Third Set of Interrogatories, Plaintiffs' Second Set of Requests for Production of Documents, and Plaintiffs' Second Set of Requests for Admissions.
>
> The dispute centers upon discovery requests intended to uncover information relating to Mr. Ashford's efforts to be placed upon a panel of lawyers eligible for court appointment to represent indigent persons charged with murder (the "Appointment Issue"). Douglas County originally objected to each discovery request relating to the Appointment Issue, asserting that such discovery exceeds the scope of Fed. R. Civ. P. 26(b)(1), which allows discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Douglas County argued that the Appointment issue is not relevant (and that discovery into it is overly broad and unduly burdensome on its face) given the Court's denial of each of Plaintiffs' motions for leave to add it to the claims

> being litigated. Douglas County also objected to those interrogatories exceeding the numeric limit set in Fed. R. Civ. P. 33 and NECivR 33.1.
>
> Mr. Ashford (on behalf of Plaintiffs) and Mr. Dolan (on behalf of Douglas County) met and conferred by telephone on Wednesday, September 29, 2021. The two discussed written discovery, potential depositions, and Plaintiffs' expert witness. Mr. Ashford explained that his pursuit of discovery into the Appointment issue is necessary to preserve the Appointment Issue. Mr. Dolan stated that Douglas County would stand upon its objections, and that is where matters were left with respect to written discovery.
>
> Since Mr. Ashford and Mr. Dolan met and conferred, Plaintiffs expert witness discovered a conflict of interest, so the parties would like to discuss Plaintiffs' disclosure deadline, too.

(Attachment 1). Plaintiff Timothy Ashford indicated by email that he agreed that Douglas County had accurately summarized the discovery dispute. (Attachment 2). The written discovery requests are consolidated and attached hereto as Attachment 3.

The summary judgment deadline is November 22, 2021 and the deposition deadline is October 20, 2021. (Filing No. 110). To expedite a ruling, the court set a hearing on the discovery disputes for determination on oral, rather than written, arguments. (See Filing No. 121, audio file).

## ANALYSIS

During the call with the undersigned magistrate judge on October 7, 2021, Ashford represented that Plaintiffs sought responses to discovery served, including interrogatories, requests for production, and requests for admission, depositions of Thomas Riley and Daniel Esch, and additional time for expert disclosures. As will be discussed in further detail, below, each request relates to Ashford's assertion that the county engages in a pattern, custom, policy, or practice of discriminating against him and others in selecting the panel of attorneys

2

who may represent indigent defendants in murder trials (the "murder panel") under Nebraska District Court Rule 4-17.

Plaintiffs have moved, on multiple occasions to amend the complaint and each request has been denied. (Filing No. 68, Filing No. 76, Filing No. 84, Filing No. 105, Filing No. 118). The operative complaint is Filing No. 1, the original complaint filed in this action. In Filing No. 1, Plaintiffs asserted numerous claims, the majority directed against Defendant Marcena Hendrix, who has since been dismissed from this action. Ashford now asserts that Plaintiffs have stated a claim regarding the denial of his appointment to the murder panel. He asserts that the claim is alleged in multiple paragraphs of the original complaint, specifically Filing No. 1 at ¶¶ 10-11 (pages 3-4), 16 (page 4), 5 (page 5)[1], 10-12 (pages 7-8), 64, 73, 86, 106-107, 130.

In response, the County argues the limited references to the panel selection committee were in the complaint merely to provide a background explanation of the claims against Judge Hendrix, and if the complaint had adequately stated a claim for discriminatory retaliation through Plaintiffs' alleged exclusion from the murder panel, then there would not have been five motions to amend attempting to add that claim. (See Filing No. 76 at CM/ECF p. 15, denying Plaintiffs' motion to amend as an attempt to "completely remake this lawsuit" following the dismissal of Judge Hendrix.; See, also, Filing No. 118 denying Plaintiffs' request to amend for

---

[1] The Background section of the complaint alleges:
   In 2015, Plaintiff sued judges in the Douglas County District Court and the Douglas County Court for racial discrimination because Plaintiff was denied appointment to a panel of attorneys which represent indigent defendants in murder trials in the Douglas County Courts in the lawsuit in the Eighth Circuit entitled Timothy L. Ashford v. Douglas County, 880 F.3d 990 (2018 8th Cir.)(Timothy L. Ashford v. John Does in the Eight Circuit Court of Appeals Case number 16-3366).
(Filing No. 1 at CM/ECF pp. 5-6). The statement that he has previously alleged a claim of discrimination in another case does not mean that he has asserted the same claim in this case.

3

failure to follow local and federal rules, and for failure to show the new allegations were unknown at the time the initial complaint was filed.)

>Judge Buescher stated:
>
>The Murder Panel claims within the proposed amended complaint were the gravamen of the 2015 litigation in this court, and they could have been raised in this lawsuit from the outset. But Plaintiffs did not raise the Murder Panel allegations in this case until their claims against Judge Hendrix and the State of Nebraska – the primary allegations within the initial complaint – were dismissed. In response to that ruling, Plaintiffs attempted to wholly rewrite their lawsuit in this forum, with no advance notice to the County, and without briefing the legal issues raised in their attempted redraft of this lawsuit against different defendants.

([Filing No. 118 at CM/ECF pp. 14-15](#)). Judge Buescher clearly found, upon a review of the original complaint, that the murder panel claim was not asserted. This issue has already been litigated and decided. Now that Plaintiffs have been unsuccessful in amending the complaint to add the claim related to the murder panel, they are attempting to graft the claim to the complaint by urging the court to liberally construe the background section and other piecemeal statements of fact as asserting a claim for relief.

Plaintiffs ask the court to compel the County to fully answer the discovery requests issued. (Attachment 3). Upon review, the discovery requests directly relate to the appointment of African American attorneys to the murder panel, and the selection of the existing panel under Rule 4-17 Appointment of Conflict Counsel in Criminal Cases. ([https://supremecourt.nebraska.gov/external-court-rules/district-court-local-rules/district-4/rule-4-17-appointment-conflict-counsel](https://supremecourt.nebraska.gov/external-court-rules/district-court-local-rules/district-4/rule-4-17-appointment-conflict-counsel)). This discovery reflects Plaintiffs' ongoing attempt to litigate a claim that is not a part of this lawsuit. The discovery is neither relevant to the claims asserted nor

proportionate to the needs of this case. The county will not be compelled to respond.

Plaintiffs also request the depositions of Thomas Riley and Daniel Esch. During the October 7, 2021 call, Ashford stated that he wants to depose Riley, the Douglas County Public Defender, regarding Rule 4-17, and specifically the selection of the murder panel, explaining that under Rule 4-17, the public defender is a member of the Panel Selection Committee. The murder panel claim is not a part of this lawsuit, therefore Riley's deposition testimony is irrelevant to this case.

Ashford seeks damages for not being selected as a murder panel attorney. To that end, Ashford wants to depose Daniel Esch, the Douglas County Clerk/Comptroller, regarding payments made to Ashford through the years for his service as an appointed attorney so he can prove he would have earned more had he been a murder panel attorney. Ashford states he intends to submit his payment history, obtained at least in part through Esch's deposition, to an expert as evidence of what Ashford has earned. Such evidence would then provide the foundation for an expert to calculate what Ashford has received as a nonmurder panel attorney compared to what he would have received if placed on the murder panel. Based on this explanation, Plaintiffs' sole purpose in deposing Esch is to calculate the damages for a claim that he was not appointed to the "murder panel" in Douglas County due to racial discrimination. As previously stated, that claim is not a part of this lawsuit. Esch's deposition testimony is therefore irrelevant to this case.

Finally, Plaintiffs request additional time to secure an expert who would calculate Ashford's damages for not being selected to serve on the Douglas County murder panel. Since that claim is not a part of this case, no discovery is

needed on that subject. Plaintiffs' request for additional time for expert disclosures is denied.

Accordingly,

IT IS ORDERED:

1)   Defendants' objections to Plaintiffs' written discovery (Attachment 3), are sustained.

2)   Plaintiffs' request to depose Thomas Riley and Douglas Esch is denied.

3)   Plaintiffs' request to locate an expert on the issue of damages arising from not being selected to serve on the Douglas County murder panel is denied.

Dated this 8th day of October, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge