IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY L. ASHFORD, and TIMOTHY L. ASHFORD, PC LLO, | |
| Plaintiffs, | 8:20-CV-36 |
| vs. | MEMORANDUM AND ORDER |
| DOUGLAS COUNTY, | |
| Defendant. | |

## I. INTRODUCTION

Timothy L. Ashford and Timothy L. Ashford, PC LLO, (hereinafter collectively referred to as "Ashford") sued Nebraska state court judge Marcena Hendrix, the State of Nebraska, Douglas County, and several unnamed defendants for actions taken during Ashford's representation of an individual in a guardianship case in Douglas County Probate Court. In his Complaint, Ashford brought claims under Nebraska's Political Subdivisions Tort Claims Act ("PSTCA"), Neb. Rev. Stat. § 13-901 et seq; the Nebraska State Tort Claims Act ("STCA"), Neb. Rev. Stat. § 81-8,209 et seq.; 42 U.S.C. §§ 1981 and 1983; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq; and the United States and Nebraska Constitutions. After the Court granted Judge Hendrix's and Nebraska's Motion to Dismiss on sovereign and judicial immunity grounds, and dismissed the unnamed defendants for lack of prosecution, the sole remaining defendant in this suit is Douglas County.

1

Douglas County has now moved for summary judgment, arguing that Ashford has not linked Douglas County to the controversy at issue in this case. Ashford has cross-moved for summary judgment. For the reasons stated herein, the Court grants Douglas County's motion and denies Ashford's motion.

## II. BACKGROUND

Ashford is a licensed Nebraska attorney who has been practicing for over twenty-six years. Filing 1 at 3. Before the events leading up to this case, Ashford had been engaged in a lawsuit against several Nebraska state-court judges and Douglas County. Filing 1 at 5–6. In that lawsuit, Ashford, who is African American, claimed that Douglas County and the Nebraska state-court judges refused to appoint African American attorneys to a criminal defense panel for murder cases. Filing 1 at 6. During that lawsuit, Ashford penned an article criticizing the Douglas County court system. Filing 1 at 6. Later, in a separate case, Ashford had a dispute over attorney fees with a Nebraska district-court judge. Filing 1 at 7.

This lawsuit, however, arises out of Ashford's representation of an individual in a guardianship case. Filing 1 at 8. Judge Hendrix, a Douglas County Court judge, presided over the guardianship case. Filing 1 at 3, 8. According to Ashford, Judge Hendrix signed several orders that directed the guardians to pay attorney fees in the amount of $8,641.57. Filing 1 at 9. Ashford alleges that, after signing these orders, Judge Hendrix improperly reduced his requested attorney fees by $3,041.57. Filing 1 at 9–10. Later, Judge Hendrix filed a bar complaint against Ashford because of this attorney-fee dispute. Filing 1 at 12–16. In general, Ashford alleges that Judge Hendrix reduced his attorney fees and filed a bar complaint against him because of his race and as retaliation for his prior lawsuit against Nebraska state-court judges. Filing 1 at 12–32. Ashford

also makes an additional complaint about Judge Hendrix not releasing a supersedeas bond. Filing 1 at 17–18.

Judge Hendrix reducing his attorney fees, filing a bar complaint against him, and refusing to release a supersedeas bond led Ashford to sue Judge Hendrix, the State of Nebraska, Douglas County, and several unnamed defendants in the present suit on January 21, 2020, for an assortment of constitutional and statutory violations. Filing 1 at 18–32. In a July 30, 2020 Order, the Court dismissed Ashford's claims against Judge Hendrix and Nebraska, leaving Douglas County and the Doe defendants remaining in this lawsuit. Filing 76 at 16. For unclear reasons, Douglas County did not join Judge Hendrix and Nebraska in moving to dismiss Ashford's case despite pleading an affirmative defense of failure to state a claim. Filing 11 at 2. Instead, counsel for Douglas County resisted suggestions of a Magistrate Judge during a scheduling conference that a dispositive motion would be appropriate because Douglas County wanted to conduct discovery to determine what allegations Ashford was making against Douglas County. Filing 104 (audio file) at 8:25–9:00.

Since filing this lawsuit, Ashford has filed numerous motions that the Court has found to have no merit. These filings come in two varieties. First, Ashford has repeatedly attempted to obtain the recusal of the undersigned judge, as well as all federal judges in Nebraska. *See* Filing 54; Filing 56; Filing 82; Filing 97. The Court has denied these motions in several orders. *See, e.g.*, Filing 68 at 4; Filing 76 at 4. Second, and more relevant to the current motion, after the Court dismissed the claims against Judge Hendrix, Ashford has attempted to transform the entirety of his lawsuit by filing several motions to amend his complaint. *See* Filing 49; Filing 69; Filing 82; Filing 94; Filing 112. Many of the allegations Ashford sought to add involved his dispute with Douglas County over its panel of criminal-defense attorneys that serve indigent defendants in murder cases. Filing 50-1; Filing 70-1; Filing 112-1. As more thoroughly outlined in its previous orders, the

Court found that Ashford's proposed amendments sought to resurrect claims from his prior unsuccessful lawsuits and denied Ashford's proposed amendments for the reasons outlined in the Court's previous orders. Filing 76 at 5–7; Filing 118 at 1–8. Filing 76 at 15. In its February 10, 2021 Order, the Court dismissed the unnamed defendants, leaving Douglas County as the only defendant in this lawsuit. Filing 76 at 15–16.

On October 26, 2021, Douglas County filed its Motion for Summary Judgment. Filing 128. Douglas County argues that Ashford has failed to prove any connection between Douglas County and Judge Hendrix's alleged misconduct. Filing 130 at 5–8. Ashford cross-moved for summary judgment on November 16, 2021. Filing 131. In his statement of undisputed facts, Ashford again brings up his allegations related to Douglas County's criminal defense panel that are wholly irrelevant to the current suit. Filing 132 at 2–3.

### III. ANALYSIS

#### A. Standard of Review

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 884 (8th Cir. 2016) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is not disfavored and is designed for every action." *Briscoe v. Cnty. of St. Louis*, 690 F.3d 1004, 1011 n.2 (8th Cir. 2012) (internal quotation marks omitted) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc)). In reviewing a motion for summary judgment, the Court will view "the record in the light most favorable to the nonmoving party . . . drawing all reasonable inferences in that party's favor." *Whitney v. Guys, Inc.*, 826 F.3d 1074, 1076 (8th Cir. 2016) (citing *Hitt v. Harsco Corp.*, 356 F.3d 920, 923–24 (8th Cir. 2004)). Where the nonmoving party will bear the

burden of proof at trial on a dispositive issue, "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), *except* the mere pleadings themselves." See *Mo. Hosp. v. C.R. Bard, Inc.*, 642 F.3d 608, 618 (8th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The moving party need not produce evidence showing "an absence of a genuine issue of material fact." *Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 517 (8th Cir. 2015) (citing *Celotex*, 477 U.S. at 323). Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 596 (8th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325).

In response to the moving party's showing, the nonmoving party's burden is to produce "specific facts sufficient to raise a genuine issue for trial." *Haggenmiller v. ABM Parking Servs., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016) (quoting *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012)). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Wagner v. Gallup, Inc.*, 788 F.3d 877, 882 (8th Cir. 2015) (quoting *Torgerson*, 643 F.3d at 1042). "[T]here must be more than 'the mere existence of *some* alleged factual dispute'" between the parties in order to overcome summary judgment. *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1061 (8th Cir. 2016) (quoting *Vacca v. Viacom Broad. of Mo., Inc.*, 875 F.2d 1337, 1339 (8th Cir. 1989)).

### B. Douglas County is Entitled to Summary Judgment

In its motion for summary judgment and brief in support, Douglas County "moves for summary judgment . . . for the reason that the pleadings and evidence admissible in this matter reveal no genuine dispute over the fact that Douglas County is not responsible or liable for any of

the acts or omission upon which Plaintiffs . . . base this suit." Filing 128. The evidence Douglas County filed with its motion includes affidavits from representatives of Douglas County stating that they have no knowledge of any action on the part of Douglas County relating to Ashford's allegations against Judge Hendrix. Filing 129-1 at 13; Filing 129-2 at 4. Ashford responds by offering arguments and evidence related to Douglas County's criminal-defense panel rather than addressing the issues relevant to this lawsuit. *See* Filing 132; Filing 134. As this Court has previously explained, Ashford's Complaint deals exclusively with Judge Hendrix reducing his attorney fees, filing a bar complaint against him, and refusing to release a supersedeas bond. Filing 23 at 1–3 (detailing allegations); Filing 76 at 15; Filing 105 at 3–7; Filing 118 at 1–8, 14–15. The Court concludes Douglas County is entitled to summary judgment.

As the Supreme Court has instructed, "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Factual disputes that are irrelevant or unnecessary will not be counted. *Id.* Thus, the arguments and evidence Ashford submitted, which are irrelevant to the allegations in his operative complaint, cannot be used to defeat Douglas County's Motion for Summary Judgment.

Proceeding to the claims Ashford purportedly makes in his Complaint, the Court concludes that there is no genuine issue of material fact and Douglas County is entitled to summary judgment as a matter of law. First, to demonstrate that Douglas County violated his constitutional rights Ashford must show "a causal connection between [a Douglas County] policy or custom and the alleged constitutional deprivation . . . ." *Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013); *see also Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." (quoting *Madewell*

v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990))). Ashford provides no evidence that Douglas County caused or was otherwise responsible for Judge Hendrix's decisions to lower his attorney-fee award, file a bar complaint against him, and refuse to release the supersedeas bond. In contrast, Douglas County has produced evidence showing it had nothing to do with Judge Hendrix's decisions. By doing so, Douglas County has shown an "absence of evidence to support [Ashford's] case." Celotex, 477 U.S. at 325.

Likewise, Ashford provides no evidence to support his allegations[1] that Douglas County violated 42 U.S.C. § 1981[2] and Title VII. Liability for discriminatory retaliation under 42 U.S.C. and Title VII requires evidence that Ashford "(1) engaged in protected activity; (2) suffered an adverse employment action; and (3) [can show] a causal connection between the protected activity and the adverse employment action." Takele v. Mayo Clinic, 576 F.3d 834, 839 (8th Cir. 2009). Ashford has not produced any evidence that he suffered an adverse employment action. Nor could he when Douglas County has demonstrated that it never employed Ashford. Filing 129-17 at 8 (showing that Ashford is not a Douglas County employee or on its payroll).

Finally, although Ashford also purports to bring suit under the PSTCA—which waives sovereign immunity for tort claims against political subdivisions, Neb. Rev. Stat. § 13-902—he has never specified what tort Douglas County allegedly committed nor has he provided evidence of a tort. Indeed, the Court determined that Ashford had failed to state any tort claim in its July 30, 2020 Order. Filing 23 at 7 ("The Court concludes that [Ashford] has failed to state any tort claim.")

---

[1] Of course, Ashford's mere conclusory allegations are insufficient to preclude summary judgment in Douglas County's favor. See Marshall v. UNUM Life Ins. Co., 13 F.3d 282, 284 (8th Cir. 1994) ("Allegations do not rise to an issue as to a material fact." (quoting Burris v. First Fin. Corp., 928 F.2d 797, 805–06 (8th Cir. 1991))).

[2] To the extent that Ashford alleges Douglas County interfered with a contract in violation of 42 U.S.C. § 1981, he has provided no evidence that Douglas County "'block[ed]' or 'thwart[ed]' the creation of a contractual relationship." Gregory v. Dillard's, Inc., 565 F.3d 464, 476 (8th Cir. 2009)

Nor can Judge Hendrix's alleged actions be imputed to Douglas County. Judge Hendrix is not an employee of Douglas County; rather, she is a county-court judge appointed by the Governor of the State of Nebraska and subject to retention by the voters of the State of Nebraska. *See* Neb. Rev. Stat. § 24-503; Neb. Const. art. V, § 21; *see also* Filing 1 at 4 (stating that "[t]he Douglas County Court is a branch of the Nebraska Supreme Court"). Ashford has provided no legal basis by which Douglas County could be responsible for Judge Hendrix's alleged conduct.

"Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). That situation is present here. Douglas County has produced evidence that it had nothing to do with the allegations Ashford makes in his Complaint. Ashford utterly fails to rebut this evidence or provide his own evidence showing that Douglas County is liable under the allegations in his Complaint.[3] In other words, Ashford does nothing to demonstrate that there is any genuine issue for trial. Because Douglas County has shown there is no genuine dispute of a material fact and that as a matter of law it is not responsible for Judge Hendrix's alleged actions, summary judgment in its favor is warranted. *See Thomason*, 85 F.3d at 1370 (affirming summary judgment when the plaintiffs did not identify "any specific or concrete facts supporting their claim"). The Court therefore grants Douglas County's Motion for Summary Judgment and denies Ashford's Motion for Summary Judgment.

---

[3] The Court notes that, alternatively, Ashford's Complaint fails to state a claim for relief against Douglas County under the standard set forth in Federal Rule of Civil Procedure 12(b)(6). The Eighth Circuit has held that a district court may sua sponte dismiss a case without notice so long as it does not precede service of process and "it is patently obvious the plaintiff could not prevail based on the facts alleged in the complaint." *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 938 (8th Cir. 2012). The facts Ashford alleges in his Complaint are completely disconnected from Douglas County. It is "patently obvious" based on Ashford's Complaint that he cannot prevail against Douglas County. Thus, although the Court is granting Douglas County's Motion for Summary Judgment as outlined above, it could have proceeded with dismissal under 12(b)(6) as well.

## IV. CONCLUSION

Douglas County has shown that there is an absence of evidence connecting it to the allegations Ashford makes in his Complaint. Accordingly,

IT IS ORDERED:

1. Douglas County's Motion for Summary Judgment, Filing 128, is granted;

2. Ashford's Motion for Summary Judgment, Filing 131, is denied;

3. Ashford's Complaint, Filing 1, is dismissed; and

4. The Court will enter a separate judgment.

Dated this 20th day of December, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge